Pearsoít, C. J.
 

 Upon the point, that the policy was forfeited by reason of a failure, on the part of the plaintiff, to pay the annual instalment, this Court is of opinion with the plaintiff, irrespective of the question of notice. The policy contains no condition, by which it is to be void, if such payment is not made, but insures the life of the slave for five years, absolutely, in this respect — leaving the annual payment of $12,24 to be enforced, not as a condition, but as a part of the consideration.
 

 Upon the other point, i. e., the effect of the failure on the
 
 *560
 
 part of the plaintiff, to give notice to the secretary of the corns pany of the death of the slave, accompanied by “ a particular account of the circumstances therewith connected, upon oath or affirmation,” as required by the 18th section of the by-laws, this Court is of opinion against the plaintiff. It is true, the policy contains no such condition, but as this is a
 
 mutual
 
 insurance company, the plaintiff, asoné of its members, accept-ted the policy, subject to the provisions expressed in the bylaws, and, in order to maintain an action, it was incumbent on him “ forthwith,” that is, in. a reasonable time, to give the notice, and deliver a particular account, on oa,th, of the circumstances, as required.
 

 This requisition is not a mere formal matter to enable the company to pay the amount of the insurance without suit, and thereby save cost, but is a matter of substance, in order that the company may, as soon after the loss as practicable, institute all proper enquiries as to the circumstances, so as to guard against fraud by false swearing and other means of imposition. It follows that this requirement must be strictly performed, and that an informal notice, without a statement on oath, will not answer the purpose, or entitle the party to maintain an action.
 

 Pee Cubiam, Judgment affirmed.