## 18600. CALDWELL v. LIFE & CASUALTY INSURANCE CO.

STEPHENS, J. 1. Where an accidental-death benefit policy provides for the furnishing of a written proof of loss within a stated period, and there is nothing in the policy which, in the event that another policy in the same company covers the same loss upon the same person, requires the furnishing of a separate proof of loss upon each policy, the furnishing to the company of a proof of loss under the second policy will suffice, provided the proof so furnished substantially conforms to the requirements as to proof of loss in the first policy. 37 C. J. 558; Girard Life Insurance Annuity & Trust Co. v. Mutual Life Insurance Company of New York, 97 Pa. 15; Bohles v. Prudential Insurance Co., 83 N. J. L. 246 (83 Atl. 904), affirmed in 84 N. J. L. 315 (86 Atl. 438).

2. In a suit by the beneficiary under the first policy to recover for the accidental death of the insured, where the policy provides that upon a failure of the insurance company to furnish to the claimant, within a certain period, forms for the making of the proof of loss, the claimant will be deemed to have complied with the requirements of the policy as to proof of loss upon submitting, within the time fixed in the policy for furnishing the proof of loss, which was within ninety days after the "date of such loss," "written proof covering the occurrence, character and extent of the loss," and where it appears from the petition that no proof of loss was filed under the policy, but within this period there was furnished to the company, under an industrial-insurance policy covering the same loss, issued by the same company, a written proof of the same loss, containing information "covering the occurrence, character, and extent of the loss," and there is no provision in the policy sued on covering the furnishing of a separate proof of loss, it appears from the petition that the provision of the policy sued on, as respects the furnishing of a proof of loss, has been complied with.

3. Where the policy sued on, under which the plaintiff as beneficiary thereunder is seeking to recover for the accidental death of the insured, requires that "written notice of injury on which claim may be based, must be given to the company within twenty days after date of the accident causing such injury, [and] in the event of accidental death immediate notice thereof must be given to the company," and that a failure to give this notice "within the time provided" shall not invalidate any claim "if it should be shown not to have been reasonably possible to give such notice and that notice was given as soon as reasonably possible," it is a question of fact as to whether such notice, when given to the company three days after the accident which caused the death of the insured, was given within a reasonable time as provided in the policy.

4. Where the policy does not require a compliance with the provision as to immediate notice to the company of an accident causing an injury to the insured as a condition precedent to a recovery under the policy, a failure of the company to receive such notice within the time required under the policy will not operate to prevent a recovery on the policy unless the company's failure to receive the notice within the

time required was injurious to the rights and interests of the company under the contract as contained in the policy. Where actual notice of the accident which caused the death of the insured was received by the company within three days after its occurrence, and the company's agent came to investigate the claim before the rendition of a verdict by the coroner's jury which investigated the cause of the death of the insured, and where the company settled with the beneficiary under another policy upon the life of the insured, although it was not an accident policy, but an industrial insurance policy, an inference is authorized that, if the company failed to receive notice of the accident within the time required by the policy, the failure of the company to receive the notice within the time required was not injurious to the rights and interests of the company under the contract as contained in the policy.

5. The plaintiff's petition, with the two amendments thereto allowed, set out a cause of action, and the court erred in sustaining the demurrers thereto.    *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1928.

*William E. & Gordon Mann,* for plaintiff.
*Maddox, Maddox & Mitchell,* for defendant.