WEBSTER *v.* TRUST CO.

relief in this action. The relief may be had only by an order of the clerk of the Superior Court of Wilkes County. See *In re Battle's Estate,* 158 N. C., 388, 74 S. E., 23. Until the defendant has been removed as executrix by the clerk, she is entitled to the possession of the assets belonging to the estate of her testator, although further proceedings by her in the administration of the estate were suspended by the filing of the caveat. C. S., 4161. The clerk may, upon sufficient facts found by him, require the defendant to file a bond in form and in a penal sum sufficient to protect the estate, and upon her failure to file such bond, order her removal.

The order in this action is
Reversed.

DEVIN, J., took no part in the consideration or decision of this case.

---

MRS. C. N. WEBSTER v. WACHOVIA BANK AND TRUST COMPANY.

(Filed 20 November, 1935.)

**1. Evidence D f—**

Evidence which tends to corroborate a party's witnesses is competent, and is properly admitted upon the trial for that purpose.

**2. Banks and Banking C b—Burden is on depositor claiming a deposit in certain amount to prove deposit in amount claimed.**

In an action by a depositor to recover a sum alleged to have been deposited in defendant bank, which sum the bank refused to pay upon its contention that the deposit was in a smaller sum, the burden is on plaintiff depositor to prove the deposit in the amount claimed, and the introduction of a pass-book showing an entry by an employee of the bank of the deposit in the amount claimed establishes a *prima facie* case placing the burden on the bank of going forward with the evidence or taking the risk of an adverse verdict, but does not shift the burden of proof on the issue to the bank.

**3. Evidence B a—**

The burden is on plaintiff to establish his case, and where he makes out a *prima facie* case defendant must introduce evidence or take the risk of an adverse verdict, but the burden of the issue is not shifted to defendant.

**4. Appeal and Error B b—**

Where plaintiff assumes the burden of proof at the trial and does not there contend that the burden is on defendant, plaintiff will not be heard on appeal to assert that the burden was on defendant.

5. Costs A c—

    Where defendant tenders judgment in its answer for the amount recovered by plaintiff, which tender is refused by plaintiff upon her claim that she is entitled to recover a larger amount, the costs are properly taxed against plaintiff. C. S., 896.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Warlick, J.,* at February Term, 1935, of BUNCOMBE. No error.

This is an action to recover of the defendant the sum of $2,518.75, with interest on said sum from 1 April, 1934.

It is alleged in the complaint and admitted in the answer that on 3 January, 1934, the plaintiff deposited with the defendant a sum of money, which was credited to the plaintiff by the defendant on its books, and that at the time of said deposit the defendant agreed to pay to plaintiff interest on said sum of money at the rate of three per cent per annum, from 1 January, 1934, payable quarterly.

The plaintiff alleges in her complaint that the amount of her deposit was $2,500, and that on 1 April, 1934, the defendant refused to pay to her interest on said amount, or to pay to her the amount of said deposit, in accordance with its agreement. This allegation is denied in the answer. The defendant alleges that the amount of said deposit was $1,500, and in its answer tenders to the plaintiff judgment for the sum of $1,500, with interest at the rate of three per cent per annum, from 1 January, 1934, which judgment the defendant alleges it is ready, willing, and able to pay.

At the trial, the plaintiff offered evidence tending to support her allegation with respect to the amount of her deposit. She offered in evidence a pass book issued to her by the defendant at the date of her deposit, showing that the amount of the deposit was $2,500. The defendant offered evidence tending to contradict the evidence for the plaintiff, and to show that the entry of the deposit in the pass book was due to an error of its employee. The evidence for the defendant tended to show that the amount of the deposit made by the plaintiff was $1,500.

The only issue submitted to the jury was answered as follows:

"What amount did the plaintiff deposit with the defendant on 3 January, 1934? Answer: '$1,500.'"

From judgment that plaintiff recover of the defendant the sum of $1,500, with interest at the rate of three per cent per annum from 1 January, 1934, and that plaintiff pay the costs of the action, the plaintiff appealed to the Supreme Court, assigning as error in the trial the admission, over her objections, of certain evidence offered by the defendant, and an instruction of the court to the jury with respect to the burden of proof on the issue submitted to the jury.

*Johnston & Horner for plaintiff.*

*Geo. H. Wright, R. R. Williams, and William J. Cocke, Jr., for defendant.*

CONNOR, J. There was no error in the admission by the trial court, over objections by the plaintiff, of evidence offered by the defendant. This evidence was competent as tending to corroborate witnesses for the defendant, and was manifestly admitted only for that purpose. Plaintiff's assignments of error based upon her exceptions to the admission of this evidence cannot be sustained.

The court instructed the jury that the burden of proof on the issue submitted to the jury was on the plaintiff, and that unless the jury should find by the greater weight of the evidence that the plaintiff deposited with the defendant, on 3 January, 1934, the sum of $2,500, as alleged by her, they should answer the issue, $1,500, as alleged by the defendant.

The plaintiff excepted to this instruction and, on her appeal to this Court, assigns the same as error. This assignment of error cannot be sustained. The instruction is manifestly correct.

The plaintiff assumed the burden of proof at the trial, and did not there contend that the burden was on the defendant. Having voluntarily assumed the burden of the issue at the trial, the plaintiff will not be heard on her appeal to this Court to assert that the burden was on the defendant. 4 C. J., 715.

The introduction by the plaintiff of the pass book issued to her by the defendant, showing a deposit by her with the defendant on 3 January, 1934, of $2,500, did not affect the burden of proof on the issue. This evidence made only a *prima facie* case for the plaintiff, and at most shifted the burden to the defendant to offer evidence or take the risk of an adverse verdict on the evidence for the plaintiff. See *Bank v. Rochamora,* 193 N. C., 1, 136 S. E., 259, and cases cited in the opinion in that case.

There is no error in the judgment that plaintiff pay the costs of the action. The defendant tendered judgment in its answer for the amount recovered by plaintiff, which tender was not accepted by the plaintiff. C. S., 896. The judgment is affirmed.

No error.

DEVIN, J., took no part in the consideration or decision of this case.