## W. I. ANDERSON & COMPANY v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY OF BOSTON.

(Filed 15 December, 1937.)

1. **Insurance § 47—**

    Where insurer denies that the truck involved in the collision was covered by the policy, and refuses to defend the action by the injured party against insured, insured is entitled to recover of insurer the amount reasonably expended in defending the action upon the jury's verdict establishing that the truck was insured under the policy.

2. **Insurance § 43—**

    Motor and serial numbers on a truck insured are merely one method of identifying the truck, and repair of the truck and change of the numbers does not convert it into a new truck, and the identity of the truck as the truck insured was properly submitted to and determined by the jury under the evidence in this case.

3. **Insurance § 50—**

    Error, if any, in the admission of the policy with some of the riders only, *held* cured by the later admission of all the riders.

4. **Same—**

    Insurer denied that the truck involved in a collision was covered by the policy, and insured defended the suit for damages instituted by the injured person, and then instituted this action against insurer.　*Held:* Evidence that insured gave notice to insurer of the claims and that insured was reasonably required to pay the amount claimed in settlement, is competent.

APPEAL by defendant from *Armstrong, J.,* at 31 May Term, 1937, of GUILFORD.　No error.

This is an action instituted by the plaintiff against the defendant to recover the sum of $2,323.20, paid by plaintiff in settlement of claims for damages for bodily injuries resulting from the negligent operation by plaintiff's agent of a certain truck alleged by plaintiff to be covered by, and embraced in, a liability insurance policy issued by the defendant to the plaintiff. When the original suits were instituted the defendant denied liability, assigning as its reason therefor that the truck involved in said collision was not embraced within the terms of its policy. As a result the plaintiff was required to defend said actions and finally effected a settlement thereof, necessitating the expenditure of $2,323.20.

This case has heretofore been before this Court and is reported in 211, at page 23. The facts are therein fully set out.

Appropriate issues were submitted to the jury and were answered by the jury in favor of the plaintiff. From judgment thereon the defendant appealed.

*Frazier & Frazier for plaintiff, appellee.*
*Sapp & Sapp for defendant, appellant.*

PER CURIAM. As stated by the Court in its opinion on the former appeal herein, the rights of the parties in this controversy rest upon the identity of the truck being operated by plaintiff's agent at the time of the collision out of which the claims for damages arose. The jury, upon competent evidence, has determined that the said truck was covered by the liability policy issued by the defendant. That being true, the plaintiff is entitled to recover of the defendant the amount it was reasonably required to spend by virtue of the failure of the defendant to defend suits instituted against the plaintiff for damages growing out of the negligent operation of said truck. As stated by, *Clarkson, J.,* speaking for the Court on the former appeal: "If the car in the collision was GMC 2-T truck, 1927, Serial No. 50574, Motor No. 1991549, on which plaintiff had liability insurance in defendant company, the matter of identification was for the jury to determine." The mere repair of the truck did not convert it into a new truck, nor did the change of the motor and serial numbers have that effect. The identity of numbers merely constituted one method of identification. All of the evidence shows that this truck was GMC 2-T truck, 1927, owned by the plaintiff at the time of the issuance of the policy, and that it was the truck which was embraced in the schedule of cars and trucks covered by the policy.

The plaintiff offered in evidence the original policy and only such riders or endorsements as it considered material. If it was error for the court to admit in evidence the policy without all the riders or endorsements, this error, if it be error, was later cured by admission of all of the riders.

22—212

In making out its case it was necessary for the plaintiff to show that it gave notice to the defendant of the claims made against it and to show that it was reasonably required to pay the amount claimed in settlement of the suits instituted against it. A number of the exceptions are directed to evidence to this effect. They cannot be sustained. Exception is likewise made to questions which were leading in their nature. Whether such questions should be permitted rested within the sound discretion of the presiding judge.

We have examined all the other exceptions and assignments of error contained in the record and we can find in none of them sufficient merit to justify a new trial.

The jury has found by its verdict that the defendant insured the truck set out and described in the complaint, and that the plaintiff was reasonably required to expend the amount claimed by it herein in settlement of suits instituted for damages resulting from the negligent operation of the said truck. Under the verdict of the jury, judgment was properly rendered against the defendant.

In the record we find

No error.