LEON SUSKIN v. R. H. HODGES, ADMINISTRATOR C. T. A. OF LOUIS B.
SUSKIN, DECEASED.

(Filed 18 October, 1939.)

1. **Evidence § 3: Abatement and Revival § 17—Courts of this State will take judicial notice of pertinent laws of any other state or of the United States.**

    The courts of this State are required to take judicial notice of pertinent laws of any other state, territory, or of the United States, chapter 30, Public Laws of 1931, and therefore, in an action to recover for the alleged tortious conversion of personalty by a nonresident, instituted in this State after the death of the nonresident, against his personal representative, the failure of the complaint to allege that the cause of action survived under the laws of the state in which it arose does not render the complaint demurrable.

2. **Courts § 12—**

    This action to recover for alleged tortious conversion of corporate stock and dividends thereon by a nonresident was instituted after the death of the nonresident against his personal representative in this State.  *Held:* Upon the allegations, the cause of action arose in the state in which deceased resided and the laws of that state control the cause of action.

3. **Corporations § 13a—Complaint held insufficient to allege wrongful conversion of corporate stock.**

    This action was instituted against the personal representative of a deceased nonresident.  The complaint alleged that plaintiff had possession of corporate stock and had not endorsed same, but that the nonresident had converted same and the dividends thereon to his own use.  *Held:*

Conceding that the action for tortious conversion of personalty survived against the personal representative of the nonresident (*Suskin v. Trust Co.*, 214 N. C., 347), the complaint fails to allege a cause of action for wrongful conversion, since under the laws of the state in which the non-resident resided and in which the cause of action arose, no act of the nonresident or of the corporation could effect a transfer of the ownership of the stock in the absence of delivery with endorsement (chapter 376, Laws of Maryland, 1927), and since, if the alleged wrongful conversion was effected by obtaining a fraudulent issuance of the stock to the non-resident under the by-laws or charter provisions of the corporation for the replacement of lost or destroyed stock, the complaint fails to plead the pertinent by-laws and charter provisions of the corporation, which by-laws and charter provisions, not being public laws, must be pleaded if relied on, and therefore defendant's demurrer to the complaint should have been sustained.

APPEAL by defendant from *Carr, J.,* at June Term, 1939, of BEAU-FORT. Reversed.

Civil action to recover damages for the wrongful conversion of preferred stock and dividends thereon, heard on demurrer.

Louis B. Suskin, late of the city of Baltimore, Maryland, died 12 January, 1935, leaving a last will and testament. As he owned property within this State, located in Beaufort County, the clerk of the Superior Court of Beaufort County appointed the defendant R. H. Hodges his administrator *c. t. a.,* under authority of C. S., sec. 1 (3). The pertinent facts, as alleged in the complaint, are fully set out in *Suskin v. Trust Co.,* 214 N. C., 347.

The court below entered judgment overruling the demurrer interposed by the defendant, and the defendant excepted and appealed.

*R. E. Whitehurst and L. I. Moore for plaintiff, appellee.*

*W. B. R. Guion, Rodman & Rodman, J. C. B. Ehringhaus, and Chas. A. Poe for defendant, appellant.*

BARNHILL, J. The defendant demurs for that: (a) It appears upon the face of the complaint that the cause of action, if any, arose under the laws of the State of Maryland and the plaintiff fails to plead any Maryland law under which the cause of action survives; and, (b) it appears upon the face of the complaint that the plaintiff never at any time transferred, assigned or delivered the certificates of preferred stock to anyone, from which it is manifest that even if the defendant's intestate secured from the Overall Company a certificate for the same amount of stock, such did not and could not affect, in any way, plaintiff's stock, or his legal right in reference thereto, or his right to dividends thereon.

It is clear that the demurrer cannot be sustained for the reason first

assigned in the demurrer. When any question arises as to the law of any other state or territory, or of the United States, the courts of this State are now required to take judicial notice thereof. Ch. 30, Public Laws 1931.

Does the statement of the plaintiff in his complaint that he received the certificates of preferred stock and that he has never transferred or assigned the same so negative the other allegations in the complaint as to defeat his alleged cause of action?

The deceased was a resident of the State of Maryland. The alleged tort, if committed at all, was committed in the State of Maryland. That the plaintiff's cause of action is controlled by the laws of that state is so well established that the citation of authority is not necessary.

Under the laws of that state, title to a certificate and to the shares represented thereby can be transferred only, (a) by delivery of the certificate endorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby; or (b) by delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Ch. 376, Laws of Maryland, 1927, which repeals and reënacts, in corrected form, sec. 51, Art. 23 of Bagby's Ann. Code of Public General Laws of Maryland.

It is further provided that: "The provisions of this section shall be applicable, although the charter or article of incorporation, or code of regulations, or by-laws of the corporation issuing the certificate and the certificate itself, provide that the shares represented thereby shall be transferable only on the books of the corporation, or shall be registered by a registrar, or transferred by a transfer agent."

The provision contained in the Uniform Stock Transfer Act for the issuance of a new certificate to replace one lost or destroyed is not contained in the Maryland statute. The only provision in its statute in relation to lost or destroyed certificate is contained in sec. 78 of Art. 23, Bagby's Code, and is as follows: "The directors of a corporation may, unless otherwise provided in the by-laws, determine the conditions upon which a new certificate of stock may be issued in place of a certificate which is alleged to have been lost or destroyed. They may, in their discretion, require the owner of such certificate or his legal representative to give bond, with sufficient surety, to the corporation to indemnify it against any loss or claim which may arise by reason of the issue of a certificate in place of the missing one."

It appears from the allegations in the complaint that the three certificates for a total of fifty shares of the preferred stock of the Standard

Overall Company, being the stock in controversy, were issued and delivered to the plaintiff on or about 15 September, 1919, and that the plaintiff has not, at any time since receipt by him of said stock, transferred or assigned the said certificates, or either of them, to any person. He now owns the stock and holds the certificates issued to him. His possession is a continuing affirmation of ownership and his power over the stock until withdrawn or surrendered in lawful manner. *Holbrook v. New Jersey Zinc Co.,* 57 N. Y., 616.

The certificates and the shares represented thereby are transferable only upon surrender duly endorsed. They have never been endorsed or transferred. Therefore, he has parted with no interest therein and no action by the deceased or the corporation has or can deprive him thereof. A corporation which proceeds to transfer stock "in the absence of the original certificate," as here, does so "at its own peril" and the real owner of the stock, evidenced by such certificate, loses nothing thereby. *Supply Ditch Co. v. Elliott,* 10 Colo., 327, 15 Pac., 691, 3 Am. St. Rep., 586; *Holly Sugar Corp. v. Wilson,* 75 Pac., 149.

Under the Uniform Stock Transfer Act, the principal provisions of which have been adopted by Maryland, the certificate is the property owned by the stockholder and his property interest in the corporation can be transferred only by endorsement and delivery of the certificate as provided by statute. Plaintiff's ownership of the certificates for shares of preferred stock in a Maryland corporation is unaffected by anything done by the deceased or by the corporation. See *Rosler v. General Gas, etc., Corp.,* 255 N. Y. S., 342; *O'Dwyer v. Verdon,* 100 N. Y. S., 588; 7 R. C. L., 271.

It may be that the Standard Overall Company, acting under the provisions of section 78, Article 23, Bagby's Code, has adopted a method by which, and has prescribed the conditions upon which, a new certificate of stock may be issued in place of a certificate which is alleged to have been lost or destroyed and that the deceased undertook to have the certificates issued to the plaintiff transferred to him on allegation that they had been transferred to him and then lost or destroyed. If so, the by-laws and charter provisions of the corporation not being a public statute or law of Maryland, the plaintiff must plead the regulations of the corporation and the procedure thereunder by the deceased in obtaining apparent title to his stock. This he fails to do. In the absence of such plea—and we do not hold that it would be effective to constitute a cause of action—plaintiff has failed to allege facts sufficient to show that his property rights in his stock, or in the dividends accruing thereon, have been invaded by the deceased. His rights against the corporation, upon the allegations contained in the complaint, have in no wise been impaired.

The statement in *Suskin v. Trust Co., supra,* that "the action can be maintained only against the personal representative of the deceased" has reference to the Maryland executors and does not affect our present position. Plaintiff's right to maintain an action against the personal representative of the deceased was not there presented. At most, the statement is mere *dictum.*

The judgment of the court below is

Reversed.