DAVID WELLER, RESPONDENT, v. ATLANTIC CASUALTY INSURANCE COMPANY, A CORPORATION, APPELLANT.

Argued May 5, 1942—Decided June 2, 1942.

Before Justices Bodine, Heher and Perskie.

For the appellant, *Green & Green (David Green)*.

For the respondent, *Francis X. Kenneally*.

Bodine, J. The defendant appeals from a judgment in favor of the plaintiff. Plaintiff was insured by the defendant against personal and property damage which might be caused by the operation of his automobile. He received damages for the loss which he suffered as a result of the judgment which was entered against him by reason of the accident in which his automobile was involved.

The policy contained the following provision: "3. Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the name and address of the injured and of any available witnesses. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative. * * * 14. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof * * *."

On August 19th, 1939, the plaintiff was involved in an accident. Damage, it was claimed, was done to the car of Bellow and Richard and to the person of Harry Ray, the operator thereof. Suit was brought against him and he was

served with process November 10th, 1939. Thereafter, the plaintiff sent in his first report of the accident.

The policy, it is to be noted, required written notice of an accident to be given "as soon as practicable" thereafter. Notice ninety-four days after the accident is not as soon as practicable. The insured had not complied with the condition upon which the liability of the insurer to render indemnity depended. *Kindervater* v. *Motorists Casualty Insurance Co.,* 120 *N. J. L.* 373. The policy clearly required written notice of the occurrence of the accident as soon as practicable. The purpose of such provision is obvious. The insurance company must investigate the accident and prepare its defense. An investigation long after the occurrence is accomplished, as every one knows, with great difficulty and little promise of success. The insurer must determine its liability after the occurrence, and is relieved if the insured neglects to give the information, which he was required to give, if he would impose liability upon his insurer.

The defendant disclaimed liability under circumstances deemed sufficient in *Zisko* v. *Travelers Insurance Co.,* 117 *N. J. L.* 366. This should have been sufficient in this case. The notice of disclaimer was full and complete. It was sent by registered mail and was received by a person in charge of the house where the plaintiff resided. This was sufficient proof of notice.

The refusal of the nonsuit or a directed verdict was error. The judgment is reversed, with costs.