Merrimack,
No. 4229.

## A. Perley Fitch Company v. Continental Insurance Co.

Argued February 3, 1954.

Decided April 21, 1954.

2

*Devine & Millimet* and *Morse, Hall & Morse* (*Mr. J. Murray Devine* orally), for the plaintiff.

*Sheehan, Phinney & Bass* and *William S. Green* (*Mr. Green* orally), for the defendant.

BLANDIN, J. It is conceded by the defendant that it has waived the policies' requirements of notice of loss. However, the policies provide with reference to the conditions precedent as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with. . . . " It is undisputed that under our law unless the plaintiff's failure to comply with the requirement of proof of loss is excused on the ground of waiver, estoppel or for some other good reason, there must be a nonsuit. *Bean* v. *Insurance Co.*, 88 N. H. 416, 419; *Kilgore* v. *Association*, 78 N. H. 498, 501; *Johnson* v. *Casualty Co.*, 73 N. H. 259. The plaintiff contends that under R. L., c. 326, dealing with fire insurance policies as construed by our court (*Firemen's Insurance Co.* v. *Houle*, 96 N. H. 30, and cases cited), the failure to file a proof of loss is no bar to this suit. It is unnecessary to decide whether the provisions of this chapter can be expanded to cover the sprinkler liability policies involved here without legislative direction because the plaintiff never raised this question before the Trial Court and it is too late to do so now. *Baxter &c. Co.* v. *Company*, 98 N. H. 62, 63.

In considering whether the defendant has waived its right or is estopped to defend on the ground that no proofs of loss were ever filed, it is important to remember that although cases have often failed to distinguish between waiver and estoppel (*McCracken* v. *Insurance Co.*, 94 N. H. 474), there is a substantial difference between them. *Therrien* v. *Maryland Cas. Co.*, 97 N. H. 180; 45 C. J. S. 612, 613. Waiver is a voluntary relinquishment of a known right and it "will not be found unless the insurer has full knowledge of all the material facts." *Therrien* v. *Maryland Cas. Co.*, *supra*, 182. Here the defendant was ignorant of the most important material facts, including the alleged freezing and bursting of a sprinkler pipe relied upon by the plaintiff in the trial as the cause of its loss, and since it is firmly established that actual knowledge on the part of the insurer is a prerequisite to waiver, it is clear that there can be none in this case. *Therrien* v. *Maryland Cas. Co.*, *supra*; 16 Appleman, Insurance Law and Practice 613-616.

The question whether the defendant is estopped to assert its defense that no proofs of loss were ever filed depends, in the absence of fraud which is not an element here, on whether the insured has reasonably relied upon the company's conduct to his prejudice. *McCracken* v. *Insurance Co.*, 94 N. H. 474, 475; *Duval* v. *Company*, 82 N. H. 543, 546. To determine the application of the doctrine to this case requires an examination of the facts. From the time that the defendant disclaimed liability and until after the trial began, the only cause of the loss which it had reason to believe existed, either as a result of information furnished it by the plaintiff or by its own investigation, was windstorm. Such a claim was unequivocally excluded from coverage by the plain language of the policies and the plaintiff was bound to know this. *Malloy* v. *Head*, 90 N. H. 58, 60. On the other hand, it claims to have discovered more than three months before the commencement of the trial that a sprinkler pipe froze and burst which it now asserts was the true cause of the damage, and to have known even earlier that the loss was due to another cause than windstorm. Notwithstanding these facts the plaintiff never filed at any time sworn proofs of loss stating its "knowledge and belief" of the "origin of the loss" as required by the conditions of the policies, nor gave the defendant the slightest intimation that the damage arose from any cause covered by the policies until after the trial commenced. It is clear that the defendant was never called upon and never did take any position upon which the plaintiff reasonably could or did rely to its detriment with reference to a loss caused by a burst sprinkler pipe, because it was never informed and never knew such an alleged cause existed until after the trial began. Furthermore, the plaintiff did not rely upon the defendant's denial of liability since it continually claimed coverage and on December 13, 1950, wrote the defendant to this effect requesting forms for proof of loss which, incidentally, the defendant was under no obligation to furnish. Proofs of loss could not be material while only a claim which was patently and unquestionably invalid, and so known to the plaintiff (*Malloy* v. *Head*, 90 N. H. 58, 60), was pending, and there was no occasion for the defendant to demand them. *Mutual &c. Ins. Co.* v. *Watkins*, 181 Miss. 859. On the undisputed facts before us to which the decision is limited, it could not be found that the defendant was estopped to assert its defense of the failure of the plaintiff to file proofs of loss due to a burst sprinkler pipe.

As it is conceded that no proofs were filed the burden is upon the plaintiff as a prerequisite to the maintenance of this suit to show an excuse for its noncompliance with this requirement. *Manter* v. *Boston &c. Ins. Co.*, 93 N. H. 21, 27. Undoubtedly, it was excused from filing proofs of loss as to the damage due to the burst pipe until it was aware of this cause and for that reason, as well as the fact that the inventory was not completed, it is not barred by its failure to file within the sixty day limit set by the policies. *Bean* v. *Insurance Co.*, 88 N. H. 416, 419; *Johnson* v. *Casualty Co.*, 73 N. H. 259, 261. However, the filing of proofs within a reasonable time after it made this discovery was a condition precedent to recovery. *Kilgore* v. *Association*, 78 N. H. 498, 501; *Bean* v. *Insurance Co., supra*, 419; *Rural Educational Ass'n* v. *American Fire and Cas. Co.*, 207 F. (2d) 596; see also, 142 A. L. R. 852. It never did so at any time and in the absence of any reasonable excuse for its failure, it cannot prevail. *Kilgore* v. *Association, supra*, 501; *Johnson* v. *Casualty Co., supra*, 261.

The conclusions reached render unnecessary consideration of other exceptions and the order is

*Judgment on the verdict.*

All concurred.