GRACE MAE MUNCIE v. TRAVELERS INSURANCE COMPANY.

(Filed 12 October, 1960.)

**1. Appeal and Error § 61—**

The doctrine of *stare decisis* does not extend to *obiter dicta*, and language in an opinion which is not necessary to decision of the question therein involved should not influence a subsequent decision unless it logically assists therein, and will not be applied when contrary to well settled rules of law.

**2. Constitutional Law § 17: Contracts § 1—**

Freedom of contract, unless contrary to public policy or prohibited by statute, is a fundamental right included in our constitutional guaranties. Constitution, Art. I, sec. 17.

**3. Contracts § 12—**

Valid contractual provisions must be enforced as written and the court in interpreting a contract may not ignore any of its provisions.

**4. Insurance § 60—**

The provision in an automobile liability policy that notice of an ac-

cident within the coverage of the policy should be given insurer as soon as practicable as a condition precedent to insurer's liability is not contrary to public policy and, except as to a limited kind of policy within the purview of G.S. 20-279.21, is not prohibited by statute, and therefore such provision is valid and must be enforced by the courts as written.

**5. Same: Insurance § 65—**

In an action on a liability policy by the injured person after recovery of judgment by the injured person against the insured, the burden is upon plaintiff to show compliance with a provision of the policy requiring as a condition precedent to liability of insurer that notice of an accident should be given insurer as soon as practicable. *Obiter* in *MacClure v. Casualty Co.*, 229 N.C. 305, in regard to the burden of proof, disapproved.

**6. Same—**

In an action on an automobile liability policy, plaintiff's evidence disclosing that notice of the accident was not given insurer until some eight months after the happening of the accident, without any explanation for the delay, is insufficient to show compliance with the provisions of the policy requiring as a condition precedent that notice of an accident covered by the policy be given insurer as soon as practicable, and insurer's motion to nonsuit for plaintiff's failure to show compliance with the condition precedent should have been allowed.

PARKER, J., concurring in result.

APPEAL by defendant from *Clark, J.*, November 1959 Mixed Term, of HOKE, docketed and argued as No. 596 at the Spring Term, 1960.

Summarized, the facts alleged by plaintiff to support her claim against defendant are: On 24 October 1954, while riding as a guest in an automobile owned and operated by Arvie L. Crosby, she sustained serious injuries as a result of the negligent operation of the automobile; on 29 November 1956 she recovered judgment against Crosby in the Superior Court of Hoke County for $23,500 as compensation for the injuries negligently inflicted in the operation of Crosby's automobile; Travelers Insurance Company, in March 1954, for a valuable consideration, issued to Crosby a policy of insurance protecting him against liability resulting from the negligent operation of his automobile; the insurance so provided was limited to $5,000 for injuries to one person; this policy of insurance was in full force and effect in October 1954 when plaintiff was injured; Crosby complied with all the terms and conditions of the policy; plaintiff, as third party beneficiary, is, because of the judgment establishing Crosby's liability, entitled to recover from defendant the sum of $5,000.

Defendant admitted plaintiff was injured while riding in the vehicle described in the policy of insurance issued by it, and the rendition of the judgment in Hoke County. It denied plaintiff's averment that Crosby, the insured, had complied with the conditions of the policy precedent to its liability, expressly averring that, notwithstanding plaintiff was injured on 24 October 1954, no notice was given to it of such injuries until 20 June 1955, when it received a letter from Crosby dated 10 June 1955. It alleged the policy required the insured to give notice of the accident as soon as practicable.

The policy provisions pertinent to a decision of the case read:

"Subject to the limits, exclusions, conditions and other terms of this policy," defendant obligated itself:

"1. . .To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury. . .caused by accident arising out of the ownership, maintenance or use of the automobile."

"CONDITIONS

"1. . .When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

"17. . .No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

Plaintiff offered no evidence to show that Crosby, the insured, had given notice required by the quoted condition. Defendant moved to nonsuit. Its motion was overruled. Defendant then offered evidence that it first had notice of the accident on 20 June 1955 when it received a letter from insured dated 10 June 1955. On 22 June 1955 it addressed a reply to its insured, Sergeant Crosby, at his APO address, San Francisco, California, in which it stated:

"This letter is to advise you that we are accepting this report and that we are making an investigation of this case under a full reservation of rights and we call your attention to the policy provisions which requires that a prompt report be made of all accidents. We feel that our interest may well have been very definitely preju-

diced by your failure to promptly report this accident to us and, if after completing our investigation, we find that our rights have been prejudiced by this delay, we would necessarily have to decline to afford you any coverage under our policy."

On 30 September 1955 defendant wrote its insured at his address at Fort Bragg, stating in substance that because of the delay in giving notice as required by the policy, it felt that its rights were seriously prejudiced, concluding its letter as follows: "In view of the above, we must respectfully advise that we cannot afford coverage to you in this case and that in case suit is filed against you, it will be up to you to provide your own defense."

Sometime thereafter plaintiff instituted her suit in the Superior Court of Hoke County against Crosby, the insured. Defendant had knowledge of the institution of the action but was not a party and did not appear or defend for Crosby. A default judgment was rendered against Crosby. Inquiry was had at the November 1956 Term of Hoke, and judgment was entered on the jury's answer to the issue as to the amount of damage. Defendant renewed its motion to nonsuit at the conclusion of the evidence.

The court submitted this issue to the jury: "Did the insured, Arvie L. Crosby, give to the defendant, Travelers Insurance Company notice of the accident which occurred on October 24, 1954, as soon as practicable under the terms of the policy of insurance sued upon?" The jury answered the issue in the affirmative. Judgment was rendered on the verdict for $5,000, the limit of liability fixed by the policy, and defendant appealed.

*Hostetler & McNeill and H. D. Harrison, Jr., for plaintiff, appellee.*
*Bynum & Bynum for defendant, appellant.*

RODMAN, J.   The court overruled defendant's motions to nonsuit. It charged the jury the burden of proof was on defendant to show that notice had not been given in a reasonable time, and that defendant was prejudiced by such failure to give notice.

There is no allegation that defendant has in any manner waived the policy provisions, nor is there contention that there is any evidence tending to show earlier notice to defendant of the accident of 24 October 1954 than the letter from Crosby dated, 10 June 1955, received 20 June 1955. Nor is it contended there is evidence tending to explain such delay or justify the delay as reasonable. It is asserted by plaintiff that defendant has not offered evidence of nor in fact suffered prejudice from the failure to give earlier notice. The rulings

therefore present for determination these questions: Who had the burden of proof with respect to notice required by the policy? Is the evidence sufficient to permit a finding that the policy provisions have been complied with? Plaintiff has the right, of course, to the benefit of any evidence offered by defendant which tends to support her allegations that the conditions of the policy were complied with.

The learned trial judge presumably based his rulings and charge on *MacClure v. Casualty Co.,* 229 N.C. 305, 49 S.E. 2d 742. It must be conceded that the language there used supports his honor's rulings. There can be, we think, no question that the Court in that case reached the correct result, but it is, we think, apparent from the facts as there stated that the Court used language not necessary to support its conclusion.

There insured promptly gave notice of the accident and of the institution of the action by the injured party against the insured. Pursuant to this notice the insurer assumed the defense of that action but permitted a default judgment to be rendered against the insured. It based its assertion of nonliability on these facts: the insured was the proprietor of a carnival; he traveled with the show throughout the South; because of such travel insurer experienced delay in locating the insured and in having him verify the answer which the insurer's attorneys had prepared. Because of the difficulty in locating the insured, the attorneys, on 7 April, asked permission to withdraw as his counsel. That day the insured received letter written by counsel employed by the insurance company. He replied by telegraph the next morning, the earliest possible moment. Counsel then sought to impose conditions on which they would agree to continue to represent him. Counsel for plaintiff in the personal injury action had agreed that counsel for insured might file an answer, and that they would waive verification. A verified answer was received from insured on 16 April, but permission to counsel to withdraw was not granted until May. The injured then brought suit against the insurance company. It disclaimed liability on the assertion that the insured had failed to comply with a condition precedent, to wit: full co-operation in the defense of the litigation. The trial court held as a matter of law that the defense was established and entered judgment in favor of the insurance company. *Justice Seawell,* speaking for the Court, said: "There is no question here as to the validity and importance of clauses in liability insurance policies similar to that with which we are dealing, to the materiality of which appellee's counsel address many citations of authority. But the issue here concerns the manner in which the breach of the co-operation clause may

be ascertained, and by which branch of the court it may be determined,—judge or jury." Thereafter he said: "As we are dealing with a nonsuit of plaintiff's action based on an affirmative defense set up by the defendant while the burden of proof with respect thereto rested on him, it is well to say that we are advertent to the fact that the policy names compliance with all its terms a condition precedent to the maintenance of the suit. In passing it may be observed that defendant made no objection to the pleading in that respect, *and voluntarily undertook to prove its affirmative defense in avoidance of liability.*" (Emphasis added.)

It is apparent from the opinion that the Court was not called upon to determine who had the burden of proof. Whether rightly or wrongly, the insurance company had voluntarily assumed that burden. It would not on appeal be permitted to shift its position and assert that the burden was in fact on plaintiff. *Bowling v. Bowling,* 252 N.C. 527; *Rhyne v. Mount Holly,* 251 N.C. 521, 112 S.E. 2d 40; *Bivins v. R. R.,* 247 N.C. 711, 102 S.E. 2d 128; *Gorham v. Insurance Co.,* 214 N.C. 526, 200 S.E. 5; *Webster v. Trust Co.,* 208 N.C. 759, 182 S.E. 333. The question for decision in the *MacClure* case was: Did the admitted facts establish as a matter of law a failure of the insured to co-operate? The trial court answered in the affirmative, and this Court properly held that the facts did not as a matter of law establish failure to co-operate, but the evidence required the submission of an issue to a jury. This was all the Court was called upon to decide. That portion of the opinion dealing with the burden of proof, being unnecessary to a decision, was merely *obiter dicta* and should not influence the decision in this case unless it logically assists in answering the question we are now called upon to decide. *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673; *Washburn v. Washburn,* 234 N.C. 370, 67 S.E. 2d 264; *Suskin v. Hodges,* 216 N.C. 333, 4 S.E. 2d 891.

To determine the application of the language of the *MacClure* case to this case we must recognize established rights and be guided by well-settled rules repeatedly declared for the protection of those rights.

Freedom of contract, unless contrary to public policy or prohibited by statute, is a fundamental right included in our constitutional guaranties. Constitution, Art I, sec. 17; *Alford v. Insurance Co.,* 248 N.C. 224, 103 S.E. 2d 8; 12 Am. Jur. 641, 642.

The policy provision requiring notice of facts which may impose liability on the insured as a result of the operation of his motor vehicle does not violate public policy, and, except as to a limited kind of policy, G.S. 20-279.21, is not declared invalid by statute.

Since the contractual provision is, as related to the facts of this case, a valid one, the parties are entitled to have it enforced as written. We cannot ignore any part of the contract. *Suits v. Insurance Co.*, 249 N.C. 383, 106 S.E. 2d 579; *Peirson v. Insurance Co.*, 248 N.C. 215, 102 S.E. 2d, 800; *Ray v. Hospital Care Assoc.*, 236 N.C. 562, 73 S.E. 2d 475; *Federal Reserve Bank v. Manufacturing Co.*, 213 N.C. 489, 196 S.E. 848; *Whitaker v. Insurance Co.*, 213 N.C. 376, 196 S.E. 328.

The policy makes the giving of notice a condition precedent to insurer's liability. Prior and subsequent to the decision in the *MacClure* case this Court has consistently held that plaintiff has the burden of showing that he has complied with those conditions precedent to his right to maintain his action. Illustrative of this well-settled rule are cases under the wrongful death statute as originally enacted, *Wilson v. Chastain*, 230 N.C. 390, 53 S.E. 2d 290; *Webb v. Eggleston*, 228 N.C. 574, 46 S.E. 2d 700; *Hatch v. R. R.*, 183 N.C. 617, 112 S.E. 529; filing of a claim as required by G.S. 153-64 to impose liability by contract on a municipal corporation, *Nevins v. Lexington*, 212 N.C. 616, 194 S.E. 293; filing of a bond by caveators as required by G.S. 31-33, *In re Winborne*, 231 N.C. 463, 57 S.E. 2d 795; contract to pay money on the happening of a specified event, *Jones v. Realty Co.* 226 N.C. 303, 37 S.E. 2d 906; notice of loss under a fire insurance policy, *Gardner v. Insurance Co.*, 230 N.C. 750, 55 S.E. 2d 694; *Boyd v. Insurance Co.*, 245 N.C. 503, 96 S.E. 2d 703; *Zibelin v. Insurance Co.*, 229 N.C. 567, 50 S.E. 2d 290; notice of accidental death or injury as required in accident policies, *Gorham v. Insurance Co.*, *supra*; *Fulton v. Insurance Co.*, 210 N.C. 394, 186 S.E. 486; *Dewease v. Insurance Co.*, 208 N.C. 732, 182 S.E. 447; *Rhyne v. Insurance Co.*, 196 N.C. 717, 147 S.E. 6; *Woodfin v. Insurance Co.*, 51 N.C. 558; policy provision that the injured may not bring an action on the policy "unless and until execution against the assured is returned unsatisfied," *Small v. Morrison*, 185 N.C. 577, 118 S.E. 12; *Anderson & Co. v. Insurance Co.*, 212 N.C. 672, 194 S.E. 281.

The general rule requiring plaintiff to establish compliance with contractual conditions precedent has general recognition. *Murray v. Cunard S. S. Co.*, 139 N.E. 226 (N.Y.); *Prudential Ins. Co. v. Myers*, 44 N.E. 55 (Ind.); *Wachovia Bank & Trust Co. v. Independence Indemnity Co.*, 37 F. 2d 550; *A. Perley Fitch Co. v. Continental Ins. Co.*, 49 A.L.R. 2d 156 (N.H.); *Public National Ins. Co. v. Wheat*, 112 S.E. 2d 194; *Segal v. Aetna Casualty Co.*, 148 N.E. 2d 659; *American Fidelity Co. v. Hotel Poultney*, 102 A. 2d 322; *Depot Cafe*

*v. Century Indemnity Co.*, 72 N.E. 2d 533; *Lauritano v. American Fidelity Fire Insurance Co.*, 147 N.Y.S. 2d 748; *Houran v. Preferred Acc. Ins. Co. of New York*, 195 A. 253; *Zingerle v. The Commonwealth Insurance Co. of N. Y.*, 321 P. 2d 636; *Horacek v. Smith*, 191 P. 2d 41.

The general rule imposing on plaintiff the burden to establish his compliance with conditions precedent to the maintenance of his action has been frequently applied in actions on liability policies by courts of sister states. The identical question which we are called upon to decide was presented to the Supreme Court of Nevada in *State Farm Mut. Auto Ins. Co. v. Cassinelli*, 216 P. 2d 606, 18 A.L.R. 2d 431. That Court, in a well-considered opinion by *Badt, J.* (later *C.J.*), held that the burden rested on the plaintiff to establish compliance with the notice provision, by the policy, made a condition precedent. The note appearing in the A.L.R. report is exhaustive. It is not necessary to lengthen this opinion by inclusion of the cases cited and analyzed in that note. *Northwestern Mut. Ins. Co. v. Independence Mut. I. Co.*, 319 S.W. 2d 898, decided in January 1959, follows the reasoning and conclusion reached in the *Cassinelli* case, citing in support of its conclusion a number of recent cases. See also 5A Am. Jur. 150-151; 8 Appleman Ins. L. & P., pp 103 & 145; 45 C.J.S. 1274.

Plaintiff does not contend that she has any greater right against insurer than Crosby, the insured, would have. Any failure of Crosby to give notice defeating his right to indemnity would likewise prevent plaintiff from asserting any rights under the policy. *Alford v. Insurance Co., supra; Peeler v. Casualty Co.*, 197 N.C. 286, 148 S.E. 261; *Fulwiler v. Traders & General Ins. Co.*, 285 P. 2d 140; *Kentucky Farm Bureau Mut. Ins. Co. v. Miles*, 267 S.W. 2d 928; *Indemnity Ins. Co. of North America v. Smith*, 78 A. 2d 461; *McFarland v. Farm Bureau Mut. Automobile Ins. Co.*, 93 A. 2d 551; 5A Am. Jur. 188.

Notice without explanation for the delay, given eight months after the happening of the accident, resulting in injuries as serious as depicted by plaintiff's judgment against Crosby, cannot be said to be given "as soon as practicable." Since plaintiff has failed to establish compliance with the condition or to justify the delay, it follows that she has failed to establish her right to maintain the action.

We treat the action as one by plaintiff against The Travelers Indemnity Company in which it has entered an appearance. The policy of insurance on which plaintiff bases her action was issued by The

Travelers Indemnity Company and The Travelers Fire Insurance Company. By the terms of the policy each company agreed to indemnify the insured upon the happening of specific contingencies. The agreement with respect to bodily injuries is, by the terms of the policy, the obligation of The Travelers Indemnity Company. The case was treated in the trial below as if process had issued for The Travelers Indemnity Company, and it was in fact the defendant before the court. No suggestion was made here to the contrary. Hence, notwithstanding the caption of the cause, we are of the opinion and hold that The Travelers Indemnity Company was properly before the court.

Reversed.

PARKER, J., concurring in result.

The policy requirements as to giving notice of accident, and action against the company are set forth in the Court's opinion. The policy requires that the notice shall be given "as soon as practicable," and that "no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy."

All the evidence shows these facts: One. The accident in which plaintiff was injured occurred on 24 October 1954. Two. The insured Arvie L. Crosby gave defendant notice in June 1955—more than seven months after the accident occurred.

Plaintiff has no allegation in her complaint that the insurer has by waiver or estoppel lost its right to defeat a recovery under the liability policy because of the insured's failure to comply with the policy provision that the giving of notice as soon as practicable by the insured is an express condition precedent to liability under the policy.

The insured has offered no excuse or extenuating circumstances for his delay in giving the insurer notice of the accident. The policy requires that notice of the accident shall be given by the insured to the insurer "as soon as practicable." That means to give such notice within a reasonable time, for the word "practicable" means "capable of being put into practice, done, or accomplished; feasible." Webster's New International Dictionary, 2nd Ed.; *Unverzagt v. Prestera*, 339 Pa. 141, 13 A. 2d 46; *Callaway v. Central Surety & Ins. Corp.*, 107 F. 2d 761; *London Guarantee & Accident Co. v. Shafer*, 35 F. Supp. 647; *American Lumbermen's Mutual Casualty Co. v. Klein*, 63 F. Supp. 701; *Young v. Travelers Ins. Co.*, 119 F. 2d 877; Anno. 18 A.L.R. 2d p. 462, §14.

What is a reasonable time, when the facts are not in dispute, as here, is a question of law to be decided by the Court. *Depot Cafe v. Century Indemnity Co.*, 321 Mass. 220, 72 N.E. 2d 533; *Unverzagt v. Prestera, supra.*

In *Houran v. Preferred Acc. Ins. Co. of New York*, 109 Vt. 258, 195 A. 253, the Supreme Court of Vermont said: "The rule established by the weight of authority is that where, by the terms of the insurance contract, a specified notice of accident, given by or on behalf of the insured to the insurer, is made a condition precedent to liability on the part of the latter, the failure to do so will release the insurer from the obligations imposed by the contract, although no prejudice may have resulted. Among the cases so holding are *Meyer v. Iowa Mutual Liability Ins. Co.*, 240 Ill. App. 431, 436; *Phoenix Cotton Oil Co. v. Royal Indem. Co.*, 140 Tenn. 438, 205 S.W. 128, 130; *Lee v. Metropolitan Life Ins. Co.*, 180 S.C. 475, 186 S.E. 376, 381; *Jefferson Realty Co. v. Employers' Liability Assur. Corp.*, 149 Ky. 741, 149 S.W. 1011, 1014; *Sherwood Ice Co. v. U. S. Casualty Co.*, 40 R.I. 268, 100 A. 572, 576; *Employers' Liability Assurance Corp., v. Perkins*, 169 Md. 269, 181 A. 436, 442; *St. Louis Architectural Iron Co. v. New Amsterdam Casualty Co.* (C.C.A.), 40 F. (2d) 344, 347, *certiorari* denied 282 U.S. 882, 51 S. Ct. 86, 75 L. Ed. 778. Other decisions might be cited, but instead reference may be had to those mentioned in the opinions in the foregoing cases, and in annotation, 76 A.L.R. 182 ff.

"Indeed, much of the conflict of authority upon this question is more apparent than real. Many of the cases which hold that a showing of prejudice is necessary turn upon a construction of the language of the policy, while recognizing, tacitly at least, the rule stated above. In *Southern Surety Co. v. MacMillan Co.* (C.C.A.), 58 F. (2d) 541, 546, 549, *certiorari* denied 287 U.S. 617, 53 S. Ct. 18, 77 L. Ed. 536, it was held that, where the giving of notice is a condition precedent, the failure to give it relieves the insurer from liability, but that in the particular case the language of the contract could not be said to be unambiguous and to impose a condition, and so, no prejudice to the insurer being shown, recovery was allowed. A very similar case is *Caldwell v. Life & Casualty Ins. Co. of Tenn.*, 38 Ga. App. 589, 144 S.E. 678, *Sokoloff v. Fidelity & Casualty Co.*, 288 Pa. 211, 135 A. 746, 747, is to the same effect."

See supplemental annotations, 123 A.L.R. 981, and 18 A.L.R. 2d 452, where additional later cases are collected. In 18 A.L.R. 2d 452, it is said: "It appears to be well settled that if a liability policy

expressly makes the insured's failure to give timely notice a ground of forfeiture, or compliance a condition precedent to liability, no recovery can be had where timely notice has not been given. The following later cases support this general rule either expressly or by necessary implication." The later cases are cited.

See the scholarly and exhaustive opinion in *State Farm Mut. Auto. Ins. Co. v. Cassinelli,* 66 Nev. 227, 216 P. 2d 606, 18 A.L.R. 2d 431, where numerous cases are cited and discussed, and in which the Court closes its opinion with these words: "By reason of the overwhelming weight of authority of the courts of last resort within the United States, we are compelled to hold that on account of the respondent's failure to perform the condition precedent, stipulated in the policy as such, of giving notice of the suit and forwarding summons and complaint within a reasonable time, no action on his part lay against the company. Lack of prejudice, under the terms of the policy, was immaterial." To the same effect see also: *Standard Acci. Ins. Co. v. Turgeon,* 140 F. 2d 94; *Harmon v. Farm Bureau Mut. Automobile Ins. Co.,* 172 Va. 61, 200 S.E. 616; *Whittle v. Associated Indemnity Corp.,* 130 N.J.L. 576, 33 A. 2d 866; *Preferred Acci. Ins. Co. v. Castellano,* 148 F. 2d 761; *Ross v. Mayflower Drug Stores,* 338 Pa. 211, 12 A. 2d 569.

· The policy here has no express forfeiture clause. *Peeler v. Casualty Co.,* 197 N.C. 286, 148 S.E. 261, was a case involving automobile accident insurance, and the insurer was given no written notice of the accident. In that case this Court said: "The provision requiring written notice is a condition precedent to the assured's right to recover damages, although it contains no express forfeiture clause." In closing its opinion the Court said: "It would be extravagant to hold that the plaintiff in this action, who is not a party to the contract between the defendant and Graham, acquired rights under the policy which are superior to Graham's and that the defendant is liable to him although it is not liable to the party with whom the contract was made. One who seeks to take advantage of a contract made for his benefit — if in any view the contract of insurance can be construed as made for the plaintiff's benefit — must take it subject to all legal defenses, such as the nonperformance of conditions. 13 C.J., 699, sec. 799. As the assured failed to comply with the contract, and as the plaintiff has no rights superior to those of the assured, the plaintiff cannot maintain his action. The motion for nonsuit should have been allowed."

The liability policy made requirement as to notice an express condition precedent to any liability. It is obvious that this express con-

dition precedent is of the essence of the contract in insurance of this kind. In insurance of this character it is a matter of the first importance to the insurer, to be informed as soon as practicable of the time, place and circumstances of the accident, and of the names and addresses of the injured and of available witnesses. In a very little time the facts may in a great measure fade out of memory, or become distorted, witnesses may go beyond reach, physical conditions may change, and more perilous than all, fraud and cupidity may have had opportunity to perfect their work.

In the following cases where the policy required the insured to give the insurer notice of the accident "as soon as practicable" or a similar provision, and the insured offered no excuse or extenuating circumstances for the delay, these delays in giving notice were held fatal: 28 days in *Vanderbilt v. Indemnity Ins. Co. of N. A.*, 265 App. Div. 495, 39 N.Y.S. 2d 808; 46 days in *Depot Cafe v. Century Indemnity Co.*, *supra*; 66 days in *Ohio Casualty Ins. Co. v. Miller*, 29 F. Supp. 993; 2½ months in *Whittle v. Associated Indemnity Corp.*, *supra;* 94 days in *Weller v. Atlantic Casualty Ins. Co.*, 128 N.J.L. 414, 26 A. 2d 503; 7 months in *Standard Acci. Ins. Co. v. Turgeon*, *supra*; 7 months in *Dworkin v. Aetna Casualty & Surety Co.*, 194 Misc. 501, 87 N.Y.S. 2d 77; 16 months in *Star Transfer Co. v. Underwriters at Lloyds of London*, 323 Ill. App. 90, 55 N.E. 2d 109; 2½ years in *Harmon v. Farm Bureau Mut. Auto. Ins. Co.*, *supra*; 29 days in *Associated Indemnity Corp. v. Garrow Co.*, 39 F. Supp. 100, affirmed 125 F. 2d 462; 6 weeks in *Preferred Acci. Ins. Co. v. Castellano*, *supra*; 4½ months in *State Farm Mut. Auto. Ins. Co. v. Cassinelli*, *supra*; 5 months in *Brown Materials Co. v. Pacific Auto. Ins. Co.*, 52 Cal. App. 2d 760, 127 P. 2d 51; 8 months in *State Farm Mut. Auto. Ins. Co. v. Grimmer*, 47 F. Supp. 458; 11 months in *Arthur v. London Guarantee & Acci. Co.*, 78 Cal. App. 2d 198, 177 P. 2d 625. For numerous other cases holding as a matter of law that an unexcused delay in giving notice for varying lengths of time was fatal, see Anno. 76 A.L.R. 66 *et seq.*; 123 A.L.R. 962.

The statement in the Court's opinion to the effect, that plaintiff has the burden of showing that Crosby, the insured, has complied with the express condition of giving notice to the insurer of the accident "as soon as practicable" precedent to liability under the policy, is supported by the overwhelming weight of authority in the Courts of last resort in the United States, and meets with my entire approval. The statement in *MacClure v. Casualty Co.*, 229 N.C. 305, 49 S.E. 2d 742, to the effect, that the failure of insured in a policy similar to the one here to comply with an express condition precedent to

liability under the policy is an affirmative defense which the insurer has the burden of proving, is, in my opinion, erroneous and should be disapproved, or overruled by the Court.

The law cannot make a better contract for the insured Crosby than he chose to make for himself. *Whittle v. Associated Indemnity Corp.,* *supra.* "One who seeks to take advantage of a contract made for his benefit — if indeed the contract of insurance can be so construed — must take it subject to all its terms and conditions." *Sears v. Casualty Co.,* 220 N.C. 9, 16 S.E. 2d 419.

The delay of the insured Crosby in giving notice to the defendant insurer was unreasonable, and is fatal to plaintiff's action. The court below erred, in overruling defendant's motion for judgment of involuntary nonsuit, and I agree with the Court's opinion that its judgment should be reversed.