*611 MEMORANDUM ** and ORDER
Pauline Gilson, Robert Gilson’s wife and the personal representative of his estate, appeals the district court’s judgment that Metropolitan Property and Casualty Insurance Company (“Metropolitan”) did not have a duty to defend, under a homeowner’s insurance policy, an action brought by Joel Bitow’s estate concerning the crash of a Tanarg 912 air trike. Reviewing de novo, Ward v. Ryan, 623 F.3d 807, 810 (9th Cir.2010), we affirm.
1. New Hampshire substantive law applies in this diversity case. “To determine the applicable substantive law, a federal court sitting in diversity applies the choice-of-law rules of the forum.” Narayan v. EGL, Inc., 616 F.3d 895, 898 (9th Cir.2010). Under Arizona law, the applicable substantive law in an insurance case is “the principal location of the insured risk.” Restatement (Second) of Conflict of Laws § 193 (1971); see Beckler v. State Farm Mut. Auto. Ins. Co., 195 Ariz. 282, 987 P.2d 768, 772 (1999) (holding that section 193 of the Restatement governs when there is no choice-of-law provision in the insurance policy). Here, “the principal location of the insured risk” of the New Hampshire home is New Hampshire.
2. The district court correctly held that the vehicle was an “aircraft” under the insurance policy. Even assuming that the term is ambiguous, we must interpret the term “in context and as would a reasonable person in the position of the insured.” Panciocco v. Lawyers Title Ins. Carp., 147 N.H. 610, 794 A.2d 810, 813 (2002). A reasonable insured would interpret the term according to its everyday usage, and a motorized vehicle that flies through the air for hundreds of miles under the control of one or more pilots easily falls within the everyday definition of an “aircraft.”
3. The district court correctly held that, looking to the underlying complaint, the vehicle was “operated by” Robert Gilson. See U.S. Fid. & Guar. Co. v. Johnson Shoes, Inc., 123 N.H. 148, 461 A.2d 85, 87 (1983) (“It is well-settled law in New Hampshire that an insurer’s obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy .... ”). The underlying complaint alleges, for instance, that “Robert Gilson was co-piloting” the aircraft, that “there are no such things as ‘passengers’ ” on the aircraft, and that “the interaction between the two [occupants], in flight, is essential to the aircraft’s] staying aloft” in that “the student is required to participate in the weight shifts, in synch with the pilot” even if not using his own set of controls. In light of those allegations and the absence of allegations to the contrary, we hold that a duty to defend cannot “be inferred by any reasonable in-tendment” of the underlying complaint. Green Mountain Ins. Co. v. Foreman, 138 N.H. 440, 641 A.2d 230, 233 (1994). Accordingly, the district court did not err by declining to look beyond the underlying complaint. See A.B.C. Builders, Inc. v. Am. Mut. Ins. Co., 139 N.H. 745, 661 A.2d 1187, 1190 (1995) (holding that the inquiry begins with the underlying pleadings and that the trial court should inquire into the underlying facts only “if necessary”).
4. The district court correctly held that the “arising out of’ requirement was met. Under the applicable broad interpretation of that phrase, the bodily injury to Joel *612 Bitow “ar[ose] out of’ the occupancy or operation of the aircraft. See Philbrick v. Liberty Mut. Fire Ins. Co., 156 N.H. 389, 934 A.2d 582, 584 (2007) (“We have consistently interpreted the phrase ‘arising out of as a very broad, general and comprehensive term, which means ‘originating from or growing out of or flowing from.’ ” (internal quotation marks, elllipsis, and brackets omitted)).
5. We reject Pauline Gilson’s arguments that estoppel or waiver applies here by virtue of letters sent by Metropolitan. Estoppel does not apply because Ms. Gilson has not demonstrated detrimental reliance. See A. Perley Fitch Co. v. Cont’l Ins. Co., 99 N.H. 1, 104 A.2d 511, 513 (1954) (“The question whether the [insurer] is estopped to assert its defense ... depends ... on whether the insured has reasonably relied upon the company’s conduct to his prejudice.”). Waiver does not apply because Metropolitan did not intend to waive its challenge to the duty to defend. Therrien v. Md. Cas. Co., 97 N.H. 180, 84 A.2d 179, 182 (1951) (“Waiver involves intent or consent, express or implied, on the part of the [insurer] .... ” (internal quotation marks omitted)). To the contrary, the letters stated that “[n]othing in this letter should be deemed a waiver of the terms and conditions of the Homeowners Policy.”
AFFIRMED. All pending motions are DENIED as moot.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.