**Willie B. Tate and Edna Tate, Appellants, v. Sears Bank & Trust Company, Appellee.**

Gen. No. 50,938.

First District, Fourth Division.

December 22, 1967.

Joseph E. Davis and David M. Zimberoff, of Chicago, for appellants.

Kahn, Adsit, Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (John F. McClure, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiffs brought this action at law to recover $465 allegedly owing to them from defendant by virtue of a savings account. At the close of plaintiffs' case, defendant's motion for a finding was granted and judgment was entered in its favor. The sole issue on review is whether plaintiffs' evidence had established a prima facie case.

Plaintiff Willie B. Tate was the only witness, and his testimony is set forth in an agreed statement of facts. He testified that on February 27, 1956, he and his wife, Edna, opened a time savings account with defendant bank by making a deposit and receiving from defendant a deposit book for the account. He identified this deposit book, examined all the various entries therein, and stated that "plaintiffs made each deposit and withdrawal as was reflected by the entries in said book, and that there was a balance due of $465, as was indicated in the balance column of the last entry in said book." He further testified that on April 23, 1964, he presented the deposit book at defendant bank, demanded payment of that amount, and payment was refused. Defendant did not cross-examine the witness. The deposit book, which indicated a balance of $465 in the account, was admitted into evidence without objection.

On this appeal plaintiffs contend that the testimony outlined above, together with the evidence of the deposit book itself, constituted a prima facie case. Defendant says that it did not. Defendant must concede that Mr. Tate testified as to the deposits and withdrawals listed in the deposit book, but argues that he did not testify that his wife, who was a joint owner of the account, had not made other withdrawals therefrom; that there was no evidence that all withdrawals made by Mr. Tate had been entered in the deposit book, and that there "was no showing that the account had not been charged by the bank because of other transactions."

We note that the testimony of Mr. Tate concerned deposits and withdrawals of both plaintiffs, and we con-

sider that defendant therefore fails to recognize the breadth of this testimony. We note also that the deposit book in evidence recites rules governing savings deposits, including the following: "No withdrawal of deposits or interest shall be made unless the depositor's pass book be produced and the withdrawal entered therein. Provided, however, that if the depositor shall satisfactorily prove that his pass book has been lost, stolen or destroyed, and shall, if required by the Bank, furnish to the Bank indemnity satisfactory to it against any claim which may at any time be made against the Bank on account thereof, the Bank may make payment to the depositor without the production of such book." This would seem to support plaintiffs' position and to declare pretty clearly the character of the passbook as having at least some evidentiary value as to the status of the account. It also appears obvious that the passbook was not "lost, stolen or destroyed," nor considered such by defendant, because it was presented for withdrawal of the indicated balance on the same day that the final entry was made which shows the balance that is now being contested.

We believe that plaintiffs did establish a prima facie case. See Webster v. Wachovia Bank & Trust Co., 182 SE 333, 208 NC 759, 761. The entries in the deposit book are in the nature of admissions by defendant, and constitute evidence of all the necessary facts giving rise to liability, even though they may not be conclusive on either party. Cf. Bugdoian v. Union Trust Co. of East St. Louis, 337 Ill App 405, 412–413, 86 NE2d 253. Plaintiffs should not be required to proceed further and to negative any number of potential defenses. Since the defense in this case is based on the proposition that the deposit book balance does not represent the true state of the account, defendant should be required to come forward with some evidence to that effect. See Rimkus v. John Tananevicz, Trading as Tananevicz Sav. Bank, 207 Ill App 96.

We thus conclude that the judgment of the Circuit Court was in error. It is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER and McCORMICK, JJ., concur.