G. L. ROBERSON AND WIFE REVA B. ROBERSON, HOLLIS ROBERSON AND WIFE EDITH S. ROBERSON, MARY R. BYRD AND HUSBAND BRYAN BYRD, LUTHER ROBERSON AND WIFE DAISY W. ROBERSON, AND JOE ROBERSON AND WIFE BILLIE ROBERSON, AND HUGH ROBERSON, EXECUTOR OF THE LAST WILL AND TESTAMENT OF GERTRUDE ROBERSON PENLAND, DECEASED v. MACKEY O. PENLAND.

(Filed 20 November 1963.)

**1. Cancellation and Rescission of Instruments § 4;  Judgments § 25—**

The fact that an agreement between the widower and beneficiaries in regard to the settlement of an estate and the deed and the consent judgment effectuating the agreement are made in reliance upon the statute giving the husband the right to dissent from the will of his wife, *held* not ground for the cancellation of the consent judgment and deed sequent to the declaration by the court of the unconstitutionality of the statute, the agreement having been made by parties *sui juris* dealing at arms length and who were represented by competent counsel, and there being no suggestion of fraud.

**2. Statutes § 4—**

The legal principle that an unconstitutional statute is a complete nullity and cannot justify any acts under it, must be construed with respect to the particular factual situation, and while a party may not assert a right arising out of a statute which has been declared unconstitutional, the principle does not strike down all undertakings made in reliance upon such statute.

APPEAL by plaintiffs from *Martin, S.J.,* March, 1963 Special Nonjury Session, BUNCOMBE Superior Court.

The plaintiffs brought this civil action demanding judgment:

"1. That the paper writing purporting to be the deed dated the 16th day of February, 1962, and recorded in the Office of the Register of Deeds of Buncombe County, North Carolina, in Deed Book 859, page 349, be declared null and void and of no force and effect, and be stricken from the records of the Register of Deeds of Buncombe County, North Carolina.

"2. That the entire paper writing purporting to be a contract between these plaintiffs and the defendant arising out of the defendant's purported dissent to the will of Gertrude Roberson Penland be declared null, void and of no force and effect.

"3. That the constitutional rights of the deceased, Gertrude Roberson Penland, be fully protected and enforced and that the Executor thereof be directed to execute her said last will and testament fully in accordance with the same, and in accordance with

said Constitution and the valid laws of the State, as fully and completely as if no acts or things had been done in conflict therewith.

"4. That all parties be restored to the same position and status to which they are entitled by virtue of all valid existing laws of the State of North Carolina."

As the sole basis for the relief demanded, the plaintiffs alleged they executed the deed and entered into the consent judgment giving the defendant a large share in his wife's estate because of their mistaken belief the defendant had the legal right to dissent from the will.

Attached to the complaint was the will of Gertrude Roberson Penland, dated August 20, 1960. The will provided:

"(a) I give, devise and bequeath unto my husband, Mack Penland, the sum of TWO THOUSAND DOLLARS, in fee simple forever.

"(b) That after the payment of the costs of administration, all the balance of the proceeds of said sale of said property, together with any other property that I may own or possess shall be divided into five (5) equal shares or parts, and one part thereof paid to the following named persons: One part to my sister, Mary Roberson Byrd; One part to my brother, Ged Roberson; One part to my brother, Luther Roberson; One part to my brother, Hollis Roberson; and one part to my nephew, Joe Roberson, in fee simple forever."

On the 25th day of August, 1961, the defendant filed a dissent to his wife's will, giving notice of his election not to take under the will but to demand his share of his wife's property as if she had died intestate. The dissent was drafted in conformity with G.S., Chapter 30. Subsequent to the filing of the dissent, the parties personally and through counsel carried on extensive negotiations looking to a settlement of their respective rights in the estate. The negotiations culminated in an agreement fixing the rights of the several devisees and legatees under the will. The consent judgment and the deed implemented the agreement. Both are here under attack upon the ground the parties acted under the mistaken belief a husband, by dissent, became entitled to share as in case of his wife's intestacy.

Judge Martin, of the Superior Court, by consent, found facts which are not in dispute, and concluded:

"1. That the consent judgment signed and executed by the parties and by the Clerk of the Superior Court, together with the

warranty deed, signed and executed by the plaintiffs and delivered to the defendant, and by him duly recorded in the Office of the Register of Deeds, constitute a valid and binding obligation and transaction between the plaintiffs and the defendant and that all of the obligations set forth therein have been fully complied with, with the exception of the final division of the money of said estate by the executor as set forth and agreed upon.

"2. That the executor Hugh Roberson make a division of the moneys belonging to said estate in accordance with the provisions of said consent judgment and pay the respective parts thereof to the respective parties entitled thereto."

The plaintiffs excepted and appealed.

*Williams, Williams and Morris by Robert R. Williams, Jr., for plaintiff appellants.*
*Don C. Young and W. W. Candler for defendant appellee.*

HIGGINS, J.   The plaintiffs seek to have the Court rescind the deed and the consent judgment by which the parties settled their respective claims in the property owned by Mrs. Gertrude Roberson Penland who died without lineal descendants on August 14, 1961. The defendant was the husband of the testatrix. By (a) of Item 2 of the will he was given a legacy of $2,000.00. The remainder of the not inconsiderable estate was devised to the plaintiffs as shown by (b) of Item 2.

After the probate of the will the defendant filed a dissent. Thereafter long negotiations consisting of proposals and counter-proposals between the parties and their counsel followed. All assumed the husband had a legal right to dissent from the will. The negotiations for a settlement culminated in the consent judgment which specified what properties the defendant should receive and that the remainder should go to the plaintiffs who implemented the settlement by executing a warranty deed. The defendant in the consent judgment released all further claim in his wife's estate, including the $2,000.00 bequest.

However, subsequent to the settlement as set forth in the judgment and deed, this Court, in *Dudley v. Staton*, 257 N.C. 572, 126 S.E. 2d 590, held unconstitutional the Legislative Act permitting a husband to dissent from his wife's will. The consent judgment had already been signed and approved by the court. The warranty deed had been executed, delivered, and recorded. At the time of the settlement all interested parties were *sui juris.* They were represented by eminent counsel. They were dealing at arm's length upon a lawful subject. There is no sug-

gestion of any unfair advantage. True, all parties made the agreement in the mistaken belief the husband, by his dissent, became entitled to share in his wife's estate as if she had died intestate. The Legislature had so provided. The provision carried a presumption of its constitutionality. With this presumption on the part of counsel, all parties entered into the settlement of the estate and completed the settlement by judgment and deed. May these be canceled by the court upon a showing the attorneys did not anticipate this Court would hold unconstitutional the provision that a husband may dissent from his wife's will? The question presented goes deeper than a mistake of law on the part of attorneys. Solemn documents fixing property rights are involved. These documents were executed in the exact form which the parties intended. On this subject, Justice Pearson used this language: "But however this may be, the plaintiff by her assent to the legacy vested the legal title in the defendant; and the question is, does the bill disclose any ground upon which she can ask this Court to undo what she has done, so as to relieve her from the legal effect of her assent? * * * It is settled that mere ignorance of law, unless there be some fraud or circumvention, is not a ground for relief in equity whereby to set aside conveyances or avoid the legal effect of acts which have been done." *Foulkes v. Foulkes*, 55 N.C. 260.

The plaintiffs rely for a reversal upon a long line of cases, some by this Court, holding that an unconstitutional statute is a nullity *ab initio*, confers no rights, imposes no obligations, bestows no power, and justifies no acts performed under it. *Board of Managers v. Wilmington*, 237 N.C. 179, 74 S.E. 2d 749; *Norton v. Shelby County*, 118 U.S. 425; Cooley, Constitutional Limitations, 8th Ed., (1927) p. 382.

The *Norton* case was decided in 1886. Its sweeping statements have been narrowed by later decisions. In *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, the Court said: "It is quite clear, however, that such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a statute, prior to such determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, with respect to particular relations. . . . it is manifest from numerous decisions that an all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified."

In *McLean Coal Co. v. Pittsburgh Terminal Coal Co.*, 238 Pa. 250, 195 A. 4, the Court held: "The unconstitutionality of a statute is a

defense to an action only when the liability is created by the statute in question; the invalidity of an act is of no avail when the liability arises from acts indicating the assumption of liability by parties who may, it is true, be acting only because the statute was passed, but who are, nevertheless, voluntarily assuming a relationship which creates a liability." See also, 49 Yale Law Journal, 959.

In this case the rights of the parties are fixed by solemn warranty deed and consent judgment. These may not be set aside merely because eminent lawyers were unable to anticipate that this Court would strike down the Act of the General Assembly which permitted the dissent. The rights of the parties are fixed by the judgment and the deed. These documents provide road blocks which the Court may not remove merely because the parties were mistaken as to one or more of the factual considerations which induced them.

The judgment of the Superior Court of Buncombe County is

Affirmed.