HERMAN L. TAYLOR AND WILLIAM L. HAND, JR. v. ROYAL GLOBE INSURANCE COMPANY

No. 773DC144

(Filed 24 January 1978)

1. Insurance § 147— aircraft policy—noncompliance with notice requirements

In an action to recover damages to an airplane where the policy under which plaintiffs claimed required that notice of any accident be given to the insurer by the insured as soon as was practicable, the trial court properly held that plaintiffs had not complied with a condition precedent to any suit against defendant since plaintiffs first gave defendant notice of loss eight months and twenty-one days after the accident occurred; there was no evidence that either plaintiff was under any disability; and there was no evidence showing that plaintiffs could not contact defendant due to any fault of defendant.

2. Insurance § 147— aircraft policy—noncompliance with notice requirements—liability denied on other grounds—defense of noncompliance not abandoned

Plaintiffs' contention that defendant waived the notice requirement of the insurance policy when it denied liability on other grounds, the contract exclu-

Taylor v. Insurance Co.

sion clause, is without merit, since defendant at no time abandoned the defense of failure to provide notice in favor of reliance on the exclusion clause but instead presented its two grounds for denial together in a letter to plaintiffs denying coverage and continued to present them as alternatives throughout the action.

3. **Insurance § 147— aircraft policy—investigation of loss—noncompliance with notice requirements—no waiver**

Investigation of plaintiffs' loss by an adjuster employed by defendant did not operate as a waiver of plaintiffs' noncompliance with the notice provisions of the insurance policy, since there was no evidence that defendant at any time promised coverage or caused plaintiffs to believe that they were in compliance with the policy.

APPEAL by plaintiffs and defendant from *Wheeler, Judge.* Judgment entered 4 November 1976 in District Court, CRAVEN County. Heard in the Court of Appeals 7 December 1977.

Plaintiffs, co-owners of a Cessna airplane, brought this action against defendant as their insurer under a Combined Aircraft Policy asking for $5,000.00 in payment for damages suffered to the instrumentation and electrical system of the plane. Evidence at trial showed that on 2 April 1974, plaintiff Hand accidentally recharged the airplane's battery in such a manner as to reverse its polarity. When the battery was installed and placed in use, the electrical system and instrumentation of the plane were so severely damaged that some parts had to be replaced after attempts to repair failed. On 23 December 1974, plaintiffs informally notified their insurance agent of the accident. On 2 February 1975, an insurance adjuster employed by defendant investigated the accident on its behalf, and on 14 March 1975, defendant notified plaintiffs by letter that the loss was denied because of failure to comply with the terms and conditions of the policy and because of policy exclusions.

There is a condition in the insurance policy under which plaintiffs claim that "[w]hen loss occurs, the Named Insured shall . . . give notice thereof as soon as practicable to the Company . . . ." The policy further states that full compliance with its terms is a condition precedent to any action against the company. In addition, it excludes coverage for loss "due and confined to . . . electrical breakdown . . . ."

After making appropriate findings of facts from the evidence, the court concluded that the loss was covered by the policy but

that plaintiff had failed to comply with the terms of the policy. He also found that defendant did not waive full compliance with the terms of the policy.

*Lee, Hancock & Lasitter, by Moses D. Lasitter, for plaintiff appellants and plaintiff appellees.*

*Sumrell, Sugg & Carmichael, by James R. Sugg, for defendant appellant and defendant appellee.*

VAUGHN, Judge.

[1] Plaintiffs claim against defendant under an insurance policy which requires that notice of any accident shall be given to the insurer by the insured as soon as is practicable. This is an enforceable provision of the contract and has been interpreted to mean that notice should be given as soon as the insured is capable of doing so. *See* the concurring opinion of Parker, J. in *Muncie v. Travelers Insurance Co.*, 253 N.C. 74, 116 S.E. 2d 474 (1960). The court, sitting without jury, found from competent evidence that plaintiffs first gave defendant notice of loss eight months and twenty-one days after the accident occurred. There was no evidence that either plaintiff was under any disability nor was there any evidence to show that plaintiffs could not contact defendant due to any fault of defendant. The court, therefore, correctly held that plaintiffs had not complied with a condition precedent to any suit against defendant.

[2] Plaintiffs contend that the facts show waiver of the notice requirement by defendant both when it denied liability on other grounds, the contract exclusion clause, and when it investigated the accident by sending in its adjuster. The essential elements of a waiver are (1) the existence of a right, advantage or benefit; (2) knowledge of its existence; and (3) an intention to relinquish it. *Davenport v. Travelers Indemnity Co.*, 283 N.C. 234, 195 S.E. 2d 529 (1973). The rule in North Carolina is that the denial of liability on another ground operates as waiver of the notice requirements, being regarded as a statement that payment would not be made even though policy provisions had been complied with. *Davenport v. Travelers Indemnity Co., supra.* However, defendant in this case presented its two grounds for denial together in the letter to plaintiffs denying coverage and continued to present them as alternatives throughout the action. At no time can defendant be

said to abandon the defense of failure to fulfill the conditions precedent in favor of reliance on the exclusion clause.

[3] Generally, the mere investigation of a loss by the insurer will not operate as a waiver of noncompliance with the notice provisions of a liability insurance policy. Only where circumstances lead the insured to believe that he has fulfilled his duties will he be allowed to press his claim without having complied with the policy. See 18 A.L.R. 2d 443, §§ 30-35. There was no evidence that defendant at any time promised coverage or caused plaintiffs to believe that they were in compliance with the policy. Cases of waiver under this rule generally involve situations where notice of the accident was properly given and the insured was lulled into not giving proper notice of an action against him. See 18 A.L.R. 2d, supra.

Defendant clearly made the investigation under reservation of rights, and plaintiffs were not relieved thereby from their failure to give proper notice.

Since the judgment is affirmed, it is not necessary to consider the questions raised by defendant's appeal.

Affirmed.

Judges BRITT and PARKER concur.