TRIDYN INDUSTRIES, INC. v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY

No. 7918SC791

(Filed 1 April 1980)

1. **Courts § 9.3— amendment of pleadings—consent judgment affected**

     The power of a superior court to allow an amendment to pleadings may not be exercised so as to upset or destroy the efficacy of a validly entered and jurisdictionally sound consent decree.

2. **Courts § 9.3; Judgments § 8— consent judgment—striking defense—amendment to reassert defense improperly allowed**

     A superior court judge erred in allowing defendant to amend its answer to reassert the defense of lack of timely notice of a claim, which plaintiff wanted defendant insurer to defend and pay, where the parties had earlier agreed to a consent judgment striking the late notice defense, since the judge contravened the rule that one superior court judge may not modify, overrule, or change the judgment of another superior court judge in the same action, and since the consent judgment was the binding contract of the parties which could not be modified without the parties' consent.

APPEAL by plaintiff from *Mills, Judge*. Judgment entered 29 June 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals on 4 March 1980.

Plaintiff originally instituted this suit by the filing of an amended complaint on 17 November 1975 wherein it alleged that defendant had issued it a comprehensive general liability insurance policy on 10 December 1971, but had subsequently failed to defend it against and thereafter to pay certain claims made against plaintiff by two construction companies to whom it had allegedly sold defective products. [A more complete statement of the facts involved in the underlying claims is set out in the opinion of our Supreme Court in an earlier appeal of this case, reported at 296 N.C. 486, 251 S.E. 2d 443 (1979)]. The defendant answered the original complaint and sought to assert, *inter alia*, two alternative defenses to the action: (1) The policy did not provide coverage for the claims made against plaintiff, or (2) if it did, plaintiff failed to give defendant timely notice of the claims.

On 22 March 1977 plaintiff moved for a "Partial Summary Judgment" as to defendant's assertion of plaintiff's failure to give timely notice as a defense, on the ground that the defendant had waived the late notice defense by otherwise denying coverage. Thereafter, the parties agreed that the late notice defense should be stricken, and a Consent Order striking that portion of defendant's answer was entered on 16 May 1977.

Both plaintiff and defendant then moved for summary judgment on the issue of liability. By a judgment dated 3 May 1978, the trial court, after concluding that the policy did cover the claims against plaintiff, allowed plaintiff's motion for partial summary judgment on the issue of liability, denied defendant's motion, and ordered a further proceeding to determine "the amount of damages suffered by plaintiff by reason of reasonable attorneys' fees, costs, expenses, and judgment and settlement amounts incurred and paid by plaintiff" resulting from the claims brought against plaintiff by the construction companies.

The defendant appealed. This Court dismissed the appeal, and the Supreme Court, per Justice Exum, affirmed, holding that a partial summary judgment on the issue of liability alone, which reserved for trial the issue of damages, was not a final judgment and therefore was not immediately appealable. *Tridyn Industries, Inc. v. American Mutual Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979).

Upon the dismissal of its appeal, the defendant on 26 March 1979 moved to amend its Answer in order to reassert its defense of late notice. On 11 April 1979 Judge Collier entered an Order allowing the motion to amend. Plaintiff opposed the motion and duly excepted to the entry of the Order allowing it.

Defendant then moved for summary judgment on the issue of liability based on plaintiff's failure to give timely notice and filed affidavits in support thereof. On 29 June 1979 Judge Mills granted the motion and entered summary judgment for defendant. Plaintiff appealed.

*Turner, Enochs, Foster & Burnley, by E. Thomas Watson, for the plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter and Michael E. Kelly, for the defendant appellee.*

HEDRICK, Judge.

Based on three exceptions duly noted in the record, plaintiff assigns as error Judge Collier's Order dated 11 April 1979, allowing the defendant to amend its Answer to reassert the defense of lack of timely notice, and Judge Mills' Judgment of 29 June 1979, allowing the defendant's motion for summary judgment. We agree with plaintiff, for the reasons to follow, that both the Order and the Judgment were erroneously entered.

[1, 2]  First, the actions of Judge Collier and Judge Mills contravene the well-established rule in this State that "no appeal lies from one Superior Court judge to another; . . . and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Calloway v. Ford Motor Co.,* 281 N.C. 496, 501, 189 S.E. 2d 484, 488 (1972); 3 Strong's N.C. Index 3d, *Courts* § 9 (1976). In the matter before us, Judge Collier's Order allowing the defendant to amend its answer results in the modification of the Consent Order entered by Judge Walker on 16 May 1977. Furthermore, his action paved the way for Judge Mills to overrule the summary judgment entered by Judge Wood on 3 May 1978. While a judge does have the power to modify interlocutory orders of another judge upon a sufficient showing of changed conditions, Strong's, *supra* at § 9.1; *accord, State v. Turner,* 34 N.C. App. 78, 237 S.E.

2d 318 (1977), the Consent Order entered in this case was a final adjudication that the defense of failure of notice would not be available to defendant in the subsequent determination of the issue of its liability, if any, to plaintiff. Equally as finally adjudicated and settled was the essential issue of liability when Judge Wood entered summary judgment for the plaintiff as to that issue, despite the fact that the question of damages remained to be tried. Although it is true that the allowance of amendments to pleadings "is an inherent and statutory power of superior courts which they may ordinarily exercise at their discretion", *N. C. State Highway Commission v. Asheville School, Inc.,* 5 N.C. App. 684, 693, 169 S.E. 2d 193, 199 (1969), *aff'd.,* 276 N.C. 556, 173 S.E. 2d 909 (1970); G.S. § 1A-1, Rule 15(a), the power is not unlimited. We are of the opinion and so hold that the power may not be exercised so as to upset or to destroy the efficacy of a validly entered and jurisdictionally sound consent decree.

Secondly, we think Judge Collier was without authority to allow the amendment to defendant's answer for the reason that the Consent Order of 16 May 1977, which was rendered feckless by the amendment, was and remains the binding contract of the parties, entered into with the approval and sanction of the court, which thereafter could not be modified without the parties' consent except upon a showing of fraud or mistake. 2 McIntosh, N.C. Practice and Procedure 2d, *Consent Judgment* § 1684 (1956); *King v. King,* 225 N.C. 639, 35 S.E. 2d 893 (1945); *N. C. State Highway Commission v. Asheville School, Inc., supra. See also* 8 Strong's N.C. Index 3d, *Judgments* § 10 (1977). Generally, a judgment or order entered by consent is conclusive on the matters it determines and precludes the parties "from maintaining an action upon any claim within the scope of [their] compromise and settlement, although such claim was not in fact litigated in the suit in which the judgment or decree was rendered." 47 Am. Jur. 2d, *Judgments* §§ 1091, 1092 at 149 (1969). The defendant in this case has neither alleged nor attempted to demonstrate that fraud or mistake induced it to enter into the consent order wherein it, in effect, agreed to forego its defense of the suit on the ground that plaintiff had failed to give timely notice. Rather, it argues that a "clarification" of the law respecting the capacity to plead both non-coverage and failure of notice resulted from the decision of this Court in *Taylor v. Royal Globe Insurance Co.,* 35 N.C. App.

150, 240 S.E. 2d 497, *cert. denied*, 294 N.C. 739, 244 S.E. 2d 156 (1978), handed down after it entered into the consent decree. Defendant contends that the resulting "clarification" represents a sufficient change of conditions for Judge Collier to allow the amendment.

This argument misses the mark by a wide margin. First, although we express no opinion on whether the decision in *Taylor* clarified the particular point of law, we emphasize our opinion that the consent order was a final and binding decree, and, therefore, the rules of law regarding the existence of changed conditions so as to permit one Superior Court judge to overrule interlocutory orders of another judge, have no application. Moreover, neither a subsequent change in the law, nor counsel's misconstruction of the law at the time the consent order was entered, is a ground for setting aside the order. *See Roberson v. Penland*, 260 N.C. 502, 133 S.E. 2d 206 (1963).

What we have in this case is the defendant's attempt, by seeking to amend its pleading, to resurrect and redetermine a matter which it agreed to remove from consideration. Furthermore, its success with Judge Collier thereafter allowed it to reopen for relitigation the issue of liability which had already gone to judgment in one Superior Court. Under the circumstances of this case, that judgment was properly reviewable only on appeal, after the question of damagés had been tried, and not by another trial judge.

In our opinion, the inviolable principles of practice and procedure to which we have referred throughout this decision preclude defendant from escaping the effect of the Consent Order entered by Judge Walker on 16 May 1977. The summary judgment entered for plaintiff on the issue of liability, dated 3 May 1978, stands.

The result is: The Order of Judge Collier dated 11 April 1979 allowing defendant to amend its Answer is vacated. The summary judgment entered for defendant by Judge Mills on 29 June 1979 is likewise vacated, and the cause is remanded to the Superior Court for further proceedings in accordance with this Opinion.

Vacated and remanded.

Judges WEBB and WELLS concur.