**FORTRESS RE, INC., Appellee,**

v.

**JEFFERSON INSURANCE COMPANY OF NEW YORK, Appellant.**

No. 79–1111.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1980.

Decided Aug. 14, 1980.

Richard M. Wiggins, Fayetteville, N. C. (McCoy, Weaver, Wiggins, Cleveland & Raper, L. Sneed High, Butler, High & Baer, Fayetteville, N. C., on brief), for appellant.

H. Hugh Stevens, Jr., Raleigh, N. C. (Robert W. Spearman, J. Rich Leonard, Sanford, Adams, McCullough & Beard, Raleigh, N. C., on brief), for appellee.

Before WIDENER and SPROUSE, Circuit Judges and JONES,* District Judge.

SPROUSE, Circuit Judge:

The defendant, Jefferson Insurance Company of New York (Jefferson) appeals the summary judgment granted to plaintiff Fortress Re, Inc. (Fortress) in its action under the Declaratory Judgment Act, 28 U.S.C. § 2201. The summary judgment held Fortress not liable on a reinsurance contract.

* Shirley B. Jones, United States District Judge for the District of Maryland, sitting by designation.

Jefferson insured G. I. Veterans Taxicab Association, Inc. of Baltimore, Maryland (Veterans Taxicab) over and above the primary coverage limits that the taxicab company had with Maryland Automobile Insurance Fund of $25,000.00 bodily injury per individual, $50,000.00 bodily injury per accident and $10,000.00 property damage per accident. The coverage by Jefferson extended up to a limit of $500,000.00.

Jefferson then obtained a Certificate of Facultative Reinsurance from Fortress, a North Carolina corporation engaged in the business of reinsurance management. Fortress reinsured Jefferson's risk under the policy to Veterans Taxicab Association from $25,000.00 to $300,000.00. The policy of reinsurance contained two provisions which are the subject of the present appeal, a notice provision and a retention provision.

The notice provision read:

Prompt notice shall be given to the Reinsurer by the Company of any occurrence or accident which appears likely to involve this reinsurance and while the Reinsurer does not undertake to investigate or defend claims or suits it shall nevertheless have the right and be given the opportunity to associate with the Company and its representatives at the Reinsurer's expense in the defense and control of any claim, suit or proceeding involving this reinsurance, with the full cooperation of the Company.

The retention provision read:

The Company warrants to retain for its own account the amount of liability specified in Item 3 [excess of $300,000] unless otherwise provided herein, and the liability of the Reinsurer specified in Item 4 shall follow that of the Company, except as otherwise specifically provided herein, and shall be subject in all respects to all the terms and conditions of the Company's policy. The Company shall furnish the Reinsurer with a copy of its policy and all endorsements thereto, and shall

make available for inspection and place at the disposal of the Reinsurer's authorized representatives at reasonable times any of its records relating to this reinsurance or claims in connection therewith.

Jefferson, at the time it contracted for specific reinsurance of the Veterans Taxicab policy, had in existence a reinsurance treaty with a third company, the Holborn Agency (Holborn). Jefferson automatically ceded its risk above $375,000.00 to Holborn—retaining the risk from $300,000.00 to $375,000.00. Fortress was not aware of the reinsurance treaty between Jefferson and Holborn nor of the fact that Jefferson passed on $125,000.00 of the risk that it had agreed to carry under the retention clause.

On November 25, 1975, while the reinsurance contract between Jefferson and Fortress was in effect, a cab driver employed by Veterans Taxicab crashed into a vehicle driven by Kathryn McCardell, killing her. The cab driver was subsequently found to be at fault in the accident and was convicted of vehicular manslaughter.

Jefferson received notification of the accident on February 5, 1976, and, on March 19, 1976, informed Holborn of what had occurred. Maryland Automobile Insurance Fund, the primary insurer, was also contacted on March 19, 1976. On June 14, 1976, Jefferson hired Colonial Claims Service to investigate the accident and legal counsel was retained three months later to evaluate the case. Jefferson failed to notify Fortress until a year after the accident, on February 18, 1977, and failed to explain the reason for the delay despite Fortress' immediate protestations over not being timely advised.

Jefferson settled with the husband of Kathryn McCardell for $200,000.00 on November 19, 1977, and sent the proof of loss to Fortress, requesting reimbursement in the amount of $175,000.00. Fortress refused to pay and brought an action in the Eastern District of North Carolina for declaratory judgment under 28 U.S.C. § 2201, seeking a determination that Fortress was not obligated under the Certificate of Facultative Reinsurance to reimburse Jefferson for any sums paid under the policy which Fortress had reinsured. Jefferson counterclaimed and both parties moved for summary judgment.

The district court granted Fortress' motion for summary judgment on the grounds that Jefferson had not complied with the provisions of the policy requiring prompt notice and retention of coverage in excess of the reinsurance policy and that under the facts of this case both provisions are conditions precedent to recovery under the contract. Jefferson appealed, contending that neither the notice nor the retention provisions were conditions precedent and, therefore, their violations do not require forfeiture. Additionally, Jefferson contended that a showing of prejudice is required in order to avoid the contract due to a violation of the notice provision, and such a showing was not made.

There was no issue of fact. The district court's concise opinion considered and decided the necessary points of North Carolina insurance law.[1] Agreeing with the opinion, we affirm and adopt it.

*AFFIRMED.*

---

1. *Fortress Re, Inc. v. Jefferson Insurance Co. of New York*, 465 F.Supp. 333 (E.D.N.C.1978).