STATE OF NORTH CAROLINA, EX REL., NORTH CAROLINA STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS v. TESTING LABORATORIES, INC.

No. 8010SC937

(Filed 2 June 1981)

1. Judgments § 21— modification of consent judgment

A consent judgment cannot be modified or set aside, absent fraud or mutual mistake, without the consent of the parties.

State Board of Registration v. Testing Laboratories, Inc.

2. **Judgments §§ 21.1, 21.2— procedure for vacating consent judgment**

The proper procedure to vacate a consent judgment for fraud or mutual mistake is by an independent action, and the proper procedure to set aside the judgment for want of consent is by motion in the cause.

3. **Judgments § 21— consent judgment based on unconstitutional statute**

A consent judgment will not be set aside because it was predicated on a statute later declared unconstitutional.

4. **Professions and Occupations § 1— injunction against practice of professional engineering—contempt of court**

The evidence supported the trial court's order finding defendant corporation and its president in civil contempt of a permanent injunction entered by consent which enjoined defendant corporation from the practice of professional engineering.

APPEAL by defendants from *Brannon, Judge.* Order entered 3 June 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 7 April 1981.

Plaintiff instituted this action on 20 December 1978 to enjoin the defendant corporation from the practice of engineering, from making "recommendations" based on its tests results, and from representing to the general public that it is a professional engineering corporation. A permanent injunction was sought on grounds that defendant was not authorized to practice professional engineering since it was not incorporated as required under the provisions of General Statutes Chapter 55B nor was it registered pursuant to the provisions of General Statutes Chapter 89C. Defendant answered, admitting that it was not a duly incorporated and registered professional corporation but denying that plaintiff was entitled to an injunction as requested.

On 20 August 1979, the following consent judgment was entered into by the parties:

This matter coming on to be heard and being heard before the undersigned Judge, and it appearing to the Court that the Defendant is willing to amend its Charter, in the North Carolina Secretary of State's office, to read:

ARTICLE III

A. To maintain and conduct a laboratory or laboratories to determine by scientific investigation, studies, experiences, and testings, the ability of soils, concrete ag-

gregates, asphalt, and other structural materials of all types, to withstand pressure; to assemble data and findings; to compile reports and papers thereon; to maintain testing stations, machinery, and apparatus, and to analyze soil contents.

And whereas the Defendant has further consented to make no representations to the general public that it is a professional engineering corporation or give "recommendations" based on results of tests made by it in the normal course of its business or any other form of engineering;

It is, therefore, ORDERED, ADJUDGED AND DECREED that the Defendant's Charter in the North Carolina Secretary of State's office be amended to read:

ARTICLE III

A. To maintain and conduct a laboratory or laboratories to determine by scientific investigation, studies, experiences, and testings, ability of soils, concrete aggregates, asphalt, and other structural materials of all types, to withstand pressure; to assemble data and findings; to compile reports and papers thereon; to maintain testing stations, machinery, and apparatus; and to analyze soil contents.

and the Defendant be and it is hereby permanently enjoined and restrained from making representations to the general public that it is a professional engineering corporation; or from "recommendations" based on results of tests made by it in the normal course of its business or any other form of engineering.

Let the Defendant pay the costs.

This the 20th day of August, 1979.

s/ D. M. McLELLAND [sic]
Judge Presiding

CONSENTED TO:
TESTING LABORATORIES, INC.
By: s/ Luther Donald Barrier
President

WALKER AND DOWDA
By:   s/ Perry N. Walker
Attorneys for Defendant

BAILEY, DIXON, WOOTEN,
MCDONALD & FOUNTAIN
By:   s/ Wright T. Dixon, Jr.
Attorneys for Plaintiff

On 21 April 1980, plaintiff filed a motion to show cause why defendant corporation and its president, Luther Donald Barrier, individually, should not be held in contempt for violation of the 20 August 1979 Consent Order. An order to show cause was issued to defendants. A hearing was held and by order dated 3 June 1980, defendant corporation and its president were found to be in civil contempt of a permanent injunction of the Superior Court of Wake County.

From this Order, defendants appeal.

*Bailey, Dixon, Wooten, McDonald and Fountain, by Wright T. Dixon, Jr., for plaintiff appellee.*

*Clark, Wharton and Sharp, by David M. Clark and David R. Maraghy, for defendant appellants.*

VAUGHN, Judge.

By their appeal, defendants seek to have this Court reverse the 3 June 1980 contempt order and vacate the 20 August 1979 consent judgment upon which the contempt was based. In support of their position, defendants have presented arguments that various provisions of General Statutes Chapter 55B and Chapter 89C are unconstitutional, void and unenforceable. They therefore contend that their agreement to restrict their activities in compliance with these statutory provisions is a legal nullity from which no contempt may arise.

[1, 2] The issues raised by defendants are not before us on this appeal. The law of this State is well-settled that a consent judgment cannot be modified or set aside, absent fraud or mutual mistake, without the consent of the parties. *King v. King*, 225 N.C. 639, 35 S.E. 2d 893 (1945). Even with the consent of the parties, a consent judgment may not be later opened, changed or set

aside unless the appropriate legal proceeding is instituted. *Complex, Inc. v. Furst* and *Furst v. Camilco, Inc.* and *Camilco, Inc. v. Furst,* 43 N.C. App. 95, 258 S.E. 2d 379 (1979). The proper procedure to vacate a consent judgment for fraud or mutual mistake is by an independent action. *Hazard v. Hazard,* 35 N.C. App. 668, 242 S.E. 2d 196 (1978). The proper procedure to set aside the judgment for reasons of want of consent is by a motion in the cause. *Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593 (1963). In none of the proceedings below nor on this appeal have defendants made an attempt to allege that they were induced to enter the 20 August 1979 consent order through fraud or mistake or that they did not freely consent to the provisions of the consent judgment at the time of its entry.

We note that the contempt order itself contains a finding of fact that failure to raise questions of constitutionality earlier in the case was due to excusable neglect and the trial judge regarded the constitutional issues argued to the same extent as if initially presented to the court in the answer of defendant corporation or otherwise. The trial court then overruled all objections based upon the United States Constitution or the North Carolina Constitution.

[3] Without deciding the propriety of the trial judge's action, this finding in no way compels an appellate court to adjudge the constitutional questions now raised by defendants. Even were we to declare the statutory provisions to be unconstitutional, this would be of no avail to the defendants' position. Our Supreme Court held in *Roberson v. Penland,* 260 N.C. 502, 133 S.E. 2d 206 (1963), that a consent judgment would not be set aside even where a statute upon which it was predicated was later declared unconstitutional. This principle enunciated in *Roberson* was reaffirmed in the recent decision of *Insurance Co. v. Ingram, Comr. of Insurance,* 301 N.C. 138, 271 S.E. 2d 46 (1980). A "consent order [is] a final and binding decree . . . neither a subsequent change in the law, nor counsel's misconstruction of the law at the time the consent order was entered, is a ground for setting aside the order." *Industries, Inc. v. Insurance Co.,* 46 N.C. App. 91, 264 S.E. 2d 357, 359-360 (1980).

[4] Although not properly brought before us by defendants in their brief, we have nevertheless reviewed the record to deter-

mine the correctness of the trial court's order holding defendants to be in civil contempt. In contempt proceedings, the findings of fact are binding on appeal when supported by any competent evidence. They are reviewable only for the purpose of ascertaining their sufficiency to warrant the judgment. *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978). Our review of the record reveals evidence to support the trial court's findings, and we hold that these findings support the court's adjudication that defendants were in civil contempt of a permanent injunction of the Superior Court of Wake County.

The order is affirmed.

Affirmed.

Judges CLARK and WELLS concur.