**Robert YALE, Ancillary Administrator of the Estate of Joseph Dudley Schofield, Deceased, Appellant,**

**v.**

**NATIONAL INDEMNITY COMPANY, Appellee.**

No. 81–1018.

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1981.

Decided Nov. 17, 1981.

Larry S. Moore, North Wilkesboro, N.C. (Moore & Willardson, North Wilkesboro, N.C., on brief), for appellant.

William C. Raper, Winston-Salem, N.C. (Michael E. Ray, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., on brief), for appellee.

Before HALL and SPROUSE, Circuit Judges, and RAMSEY,* District Judge.

---

\* Honorable Norman P. Ramsey, District Judge for the District of Maryland, sitting by designa-

RAMSEY, District Judge.

On June 21, 1973, Joseph Dudley Schofield was fatally shot while he slept on the premises of a carnival run by Big H Shows, Inc. Schofield was shot by Van Helman, the sole shareholder of Big H Shows, and by Todd Allen, Helman's employee. The record is clear that it was the intention of those who attacked Schofield to actually kill another and that the death of Schofield was a mistake. Schofield was 16 years old at the time of his death.

Robert R. Yale, ancillary administrator of Schofield's estate and appellant herein, brought a wrongful death action in state court in North Carolina against Van Helman, Todd Allen and Big H Shows on June 14, 1974. A default judgment was entered against Van Helman and Big H in the amount of $49,150.00 on September 19, 1974. Van Helman and Big H were unable to satisfy the judgment. On April 7, 1977, Yale instituted an action in the Superior Court of Wilkes County, North Carolina, against National Indemnity Company, the appellee in this action, for indemnity of the judgment entered on September 19, 1974. National Indemnity was the liability insurance carrier for Big H Shows at the time Schofield was shot.

National Indemnity removed the action to the United States District Court for the Middle District of North Carolina and thereafter moved for summary judgment raising jurisdictional and substantive defenses. The presiding judge determined that the judgment was void for lack of jurisdiction and granted summary judgment for the insurer. That judgment was appealed and, by an opinion of this Court dated July 11, 1979, the summary judgment was reversed. At that time, the Court made it clear that the action was solely based upon the argument addressing the jurisdictional grounds and that the substantive issues of policy coverage, failure to

tion.

cooperate and failure to comply with conditions precedent in respect of notice were not addressed.[1]

The insurer thereafter again moved for summary judgment raising the substantive defense and the trial court granted summary judgment finding as a matter of law that the death of the decedent did not fall within the coverage of the policy. He also found that National Indemnity was not obligated to Schofield's estate because the insured failed to give the notice required by the policy. This appeal followed.

■ We find no need to deal with that aspect of the lower court's decision concerning coverage of the policy since in our opinion affirmance of the judgment is required by reason of the failure of the insured to meet the notice requirements of the policy.

The lower court found that Van Helman and Big H had failed to comply with a material provision of the liability insurance policy.

The section of the policy entitled "Conditions" provides *inter alia*:

4. Insured's Duties in the Event of Occurrence, Claim or Suit:

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the insured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable ....

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity

... and the insured shall attend hearings and trial and assist in securing and giving evidence and obtaining the attendance of witnesses....

5. Action Against Company: No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy....

It is undisputed that the date of the "occurrence" was June 21, 1973, and that the only "notice" National Indemnity received regarding the wrongful death action against Van Helman and Big H occurred in June, 1974. There is no disagreement as to the time the notice was received although there is disagreement between the parties as to precisely the contents of the notice National Indemnity or its agents received. For the purposes of this appeal, the Court will accept as true the appellant's version.

John E. Hall, who at one time was appellant's attorney, submitted an affidavit in which he stated that "shortly after the service of the suit papers" on Van Helman and Big H Shows (in June, 1974), he received a phone call from an employee of Morris H. Kaliff and Son, authorized agents for National Indemnity. Hall claimed that Kaliff and Son advised him that Van Helman had informed them "that a suit had been filed against them for wrongful death...." Kaliff and Son also advised Hall that Big H's property had been attached and asked Hall if he would agree to arrange for the posting of a bond and thereby release the attachment. The bond was subsequently secured and the attachment released.

As before noted, the policy provides that written notice of any "occurrence" under the policy shall be furnished to National Indemnity or its agents "as soon as practicable...." Assuming *arguendo* that the June 1974 phone call constituted notice of the "occurrence," the issue is whether the one-year delay between the shooting of Schofield and the phone call breached the conditions of the policy.

---

1. *Yale v. National Indemnity Co.*, 602 F.2d 642, 650 n.18 (4th Cir. 1979).

North Carolina courts have uniformly held that a provision in a policy for liability insurance that notice of an accident or occurrence be furnished to the insurer by the insured "as soon as practicable" is enforceable. Such a notice provision is considered to be a condition precedent, especially where, as here, the policy expressly so provides. *Muncie v. Travelers Insurance Co.*, 253 N.C. 74, 116 S.E.2d 474 (1960). In order to recover under the terms of the policy, the insured has the burden of proving compliance with all conditions precedent. *Clemmons v. Nationwide Mutual Insurance Co.*, 267 N.C. 495, 148 S.E.2d 640 (1966). Any failure by Big H Shows, the insured, to give notice in accordance with the terms of the policy would also prevent a third-party from asserting any right to recovery under the policy. *Id.* at 499, 148 S.E.2d at 643; *Muncie v. Travelers Insurance Co.*, *supra*, 253 N.C. at 81, 116 S.E.2d at 479.

In *Muncie*, the Court was faced with the issue of whether an eight month delay between an auto accident and notice to the insurance company defeated a claim by a third-party under the policy. The Court held that as a matter of law, "notice without explanation for the delay, given eight months after the happening of the accident . . . cannot be said to be given 'as soon as practicable.'" *Muncie v. Travelers Insurance Co.*, *supra*, 253 N.C. at 81, 116 S.E.2d at 479.

The same result was reached in *Fleming v. Nationwide Mutual Insurance Co.*, 261 N.C. 303, 134 S.E.2d 614 (1964), where the Court found that an unexplained thirteen month delay in providing notice defeated recovery under a liability policy. In a more recent case, *Taylor v. Royal Globe Insurance Co.*, 35 N.C.App. 150, 240 S.E.2d 497, *cert. denied*, 294 N.C. 739, 244 S.E.2d 156 (1978), the damage occurred on April 2, 1974. The insurance company was given "informal" notice on December 23, 1974, nearly nine months later. No explanation was offered for the delay. The North Carolina Court of Appeals held that the insured had breached the condition precedent which required that notice be given "as soon as practicable." *See also Fortress Re, Inc. v. Jefferson Insurance Co. of New York*, 465 F.Supp. 333 (E.D.N.C.1978), *aff'd*, 628 F.2d 860 (4th Cir. 1980) (unexplained delay of twelve months "fatal" to recovery).

Appellant offered no explanation for the twelve month delay between the accident and the June 21, 1974, "notice." Appellant claims, instead, that National Indemnity waived the notice provision and is estopped from asserting it.

North Carolina applies the rules of waiver in accordance with the customary rules that, in order to show waiver, a plaintiff must prove (1) the existence of right, advantage or benefit at the time of the alleged waiver; (2) knowledge, either constructive or actual, of the existence of the right or benefit on the part of the insurer; and (3) an intention by the insurer to relinquish it. *Clemmons v. Nationwide Mutual Insurance Co.*, *supra*, 267 N.C. at 504, 148 S.E.2d at 647. For waiver to be found, the insurer must commit some positive act and that act must be known to the insured. *Id.*

Appellant argues that National Indemnity had actual notice of the wrongful death action in mid-June, 1974, as shown by the phone call from Morris H. Kaliff and Son to John Hall. Under North Carolina law, however, mere knowledge on the part of the insurer that suit has been instituted does not constitute a waiver of enforceability of a notice provision. "Only where circumstances lead the insured to believe that he has fulfilled his duties will he be allowed to press his claim without having complied with the policy." *Taylor v. Royal Globe Insurance Co.*, *supra*, 35 N.C.App. at 153, 240 S.E.2d at 499.

Waiver is generally found under North Carolina law only in situations where the notice of the accident or occurrence was proper and timely and the insured was later "lulled" into a failure to give proper notice of a suit against him. *Id.* For example, an informal response by the insurer that an accident was not in the course of business did not estop the insurer from later assert-

ing a lack of timely notice. *Buckeye Union Casualty Co. v. Perry*, 296 F.Supp. 888 (S.D. W.Va.1968), *aff'd*, 406 F.2d 1270 (4th Cir. 1969). Nor does the fact that an insurance company declines to defend in an action against the insured constitute a waiver of the notice provisions. *Fleming v. Nationwide Mutual Insurance Co., supra.*

The lower court properly applied the law to the facts asserted by appellant and found that National Indemnity's receipt · of the June, 1974 phone call did not create a waiver of the notice provisions. That finding is not clearly erroneous. Absent a waiver, the notice of the occurrence was not timely and constituted a breach of a condition precedent of the insurance policy.

▇▇▇▇ Appellant also asserts that National Indemnity failed to demonstrate that it was prejudiced by the late notice. Under North Carolina law, however, an insurer does not have to demonstrate that it was prejudiced by failure of the insured to comply with a condition precedent. *Fortress Re, Inc. v. Jefferson Insurance Co. of New York, supra*, 465 F.Supp. at 337; *Muncie v. Travelers Insurance Co., supra*, 253 N.C. at 84, 116 S.E.2d at 481 (Parker, J. concurring). *Henderson v. Rochester American Insurance Co.*, 254 N.C. 329, 118 S.E.2d 885 (1961) suggests that the insurer does have to prove prejudice if it attempts to avoid liability based on the failure by the insured to comply with a "cooperation clause" in the policy.[2] These clauses have been termed conditions subsequent, *Fortress Re, Inc. v. Jefferson Insurance Co. of New York, supra*, 465 F.Supp. at 337, and the burden is on the company to prove a failure by the insured to comply with those conditions.

The court below correctly determined that there were no issues of material fact on the issue of notice. It also applied the North Carolina law properly to those facts. The decision of the district court that appellant could not recover from National Indemnity due to the insured's failure to pro-

vide notice "as soon as practicable" is affirmed.

**AFFIRMED.**

---

**2.** These clauses state that the insured will cooperate with the insurer in any suit or settlement offer. Section 4(c), *supra*, of the "Condi-

tions" portion of Big H's policy with National Indemnity is a typical "cooperation clause."